928 F.2d 378
 Richard Mark ELLARD, Petitioner-Appellant,
v.
ALABAMA BOARD OF PARDONS AND PAROLES; Ealon M. Lambert,
John Thomas Porter, and Ray Morrow, members of the Board of
Pardons and Paroles of the State of Alabama; and State of
Alabama, Respondents-Appellees.
 No. 90-7496.
 United States Court of Appeals,
Eleventh Circuit.
 April 11, 1991.
 
 Ralph I. Knowles, Jr., Drake, Knowles & Pierce, Tuscaloosa, Ala., for petitioner-appellant.
 Don Siegelman, Atty. Gen., Kenneth S. Nunnelly, Asst. Atty. Gen., Montgomery, Ala., for respondents-appellees.
 Appeal from the United States District Court for the Middle District of Alabama.
 Before ANDERSON and CLARK, Circuit Judges and TUTTLE, Senior Circuit Judge.
 TUTTLE, Senior Circuit Judge:
 
 
 1
 This is an appeal from the denial of Ellard's petition for a writ of habeas corpus, for which he petitioned after the Alabama Board of Pardons and Paroles revoked a parole previously given him.
 
 I. STATEMENT OF THE CASE
 
 2
 Ellard had been convicted of two murders, one in the State of Alabama and one in the State of Georgia. He was sentenced to life imprisonment in both of the two states. After serving approximately ten years in the Alabama prison system, the Alabama board paroled him "to a detainer from the State of Georgia."[1] Following a public outcry over this parole, and upon the advice of the attorney general of the State of Alabama, the parole board held a hearing and revoked Ellard's parole.
 
 
 3
 After Ellard unsuccessfully sought to have his parole reinstated and after exhausting his available state remedies, he filed this petition for a writ of habeas corpus. The trial court denied the petition and Ellard appealed to this Court. This Court reversed and remanded the case to the trial court for consideration of four separate issues which this Court determined were not adequately presented on that appeal. Following discovery, the case was submitted to the trial court, and it entered an opinion and a separate order denying Ellard's petition. This appeal then followed.
 
 II. STATEMENT OF FACTS
 
 4
 The essential facts are stated in the Court's prior opinion:
 
 
 5
 In 1972, appellant, Richard Mark Ellard, pleaded guilty in Alabama to one count of first degree murder and one count of assault with intent to murder. He was sentenced to life in prison on the murder charge and to a concurrent 22-year sentence on the assault charge. In 1976, Ellard pleaded guilty in Georgia to another murder charge. He was given a life sentence to run concurrently with the Alabama sentences. After the Georgia sentence was imposed, Ellard remained in custody in the Alabama prison system.
 
 
 6
 In 1981, the Alabama Board of Pardons and Parole granted Ellard parole and released him into the custody of the state of Georgia to serve his life sentence there. Following a burst of public outrage at the parole decision, the Parole Board requested Alabama Attorney General Charles Graddick to provide an opinion on whether the Board validly could revoke a parole that was "legally issued" but that operated only to release the parolee directly into the custody of another state to serve a pending sentence there. Graddick informed the Board that in his opinion the decision to grant Ellard parole was based upon incomplete information and thus was in violation of Alabama law. He concluded that the Board therefore was authorized to reconsider its decision to grant Ellard parole. The Board, relying on this opinion, declared Ellard in technical violation of his parole and had him returned from Georgia. After conducting an evidentiary hearing, the Board revoked Ellard's parole. Ellard subsequently was transferred back to Georgia to serve out his sentences there.
 
 
 7
 Ellard v. Ala. Bd. of Pardons & Paroles, 824 F.2d 937, 940-941 (11th Cir.1987) (footnote omitted).
 
 
 8
 This Court reversed the trial court's dismissal of the petition for a failure to allege deprivation of Ellard's rights to due process because of the lack of a liberty interest in the granting of a parole merely to another state rather than the granting of a parole into society. We then determined that we could not decide whether Ellard was entitled to a grant of the writ because the record did not adequately disclose whether four certain items of information required to be considered by the board in granting a parole under Alabama Code Section 15-22-25 were present and were considered by the board.
 
 
 9
 After remand, the parties conducted discovery and submitted documentary evidence and depositions to the trial court. The court found that: "None of the four possible reasons suggested as grounds to avoid the parole in question were [sic] meritorious...." but then determined that the parole was void ab initio because it found that the parole had been granted in violation of requirements of Section 15-22-26, Code of Alabama. This section provides in pertinent part:
 
 
 10
 No prisoner shall be released on parole merely as a reward for good conduct or efficient performance of duties assigned in prison, but only if the board of pardons and paroles is of the opinion that there is a reasonable probability that, if such prisoner is released, he will live and remain at liberty without violating the law and that his release is not incompatible with the welfare of society....
 
 III. ISSUES
 
 11
 (1) Was the trial court's holding that the parole was void barred by the law of the case and this Court's prior mandate?
 
 
 12
 (2) Was the trial court's decision that the board failed to follow the Alabama statute supported by substantial evidence?
 
 IV. DISCUSSION
 
 13
 (1) The trial court's finding that the parole was void was barred by the law of the case and this Court's prior mandate.
 
 
 14
 Appellant first argues that this Court in the earlier Ellard appeal foreclosed the right of the court below on remand to find the parole void on any ground other than those for which we remanded the case for the trial court's consideration. In that appeal, we reversed the trial court's dismissal of the petition for a writ which that court stated was based on its determination that Ellard had no liberty interest in a parole which merely, in effect, transferred his custody from the State of Alabama to the State of Georgia. We reversed that finding and held that a parole did give Ellard a liberty interest. We then stated, however, that we could not determine whether the writ should be granted without a further hearing by the trial court. In this connection, we stated:
 
 
 15
 With these principles in mind, we consider the reasons cited by the state in support of its contention that Ellard's parole was void. In upholding the Parole Board's nullification of Ellard's parole, the Alabama Court of Criminal Appeals concluded that the parole was void due to the failure of the Parole Board to: (1) obtain and consider certain evidence prior to granting the parole as required by Ala.Code Sec. 15-22-25; (2) consider the "considerable evidence of public opposition" to the parole; and (3) ensure that Ellard have self-sustaining employment as required by Ala.Code Sec. 15-22-28(d). See [Ellard v. State,] 474 So.2d at 752 [ (Ala.Cr.App.1984) ]....
 
 
 16
 Applying the principles previously stated, we have little difficulty in rejecting as without merit all but the first of the asserted grounds for the nullification of Ellard's parole.
 
 
 17
 Ellard, 824 F.2d at 946-947.
 
 
 18
 The "first of the asserted grounds" concluding that Ellard's parole was void, then, is that the parole board failed to comply with the requirements of Alabama Code Section 15-22-25, that the board obtain certain information prior to granting a parole. In determining that the board did not comply with this provision, the Alabama Court of Criminal Appeals noted, specifically, that the board failed to obtain and consider: (1) a pre-sentence psychological report made of Ellard in 1971, (2) evidence of misconduct and criminal activity while Ellard was on escape in 1977, and (3) an escape in 1971.
 
 
 19
 We concluded that as to each of these species of information that was required to be considered by the parole board, the trial court should make a determination as to whether they were in the board's files and, if so, whether the evidence "substantially undermined the parole board's decision to grant Ellard's parole." Ellard, 824 F.2d at 949.
 
 
 20
 As we have previously noted, on remand, the trial court has stated: "None of the four possible reasons suggested as grounds to avoid the parole in question were meritorious." But the Court then went on to consider another basis for holding that the parole was void. The Court based this decision on the provisions of Section 15-22-26, Code of Alabama.
 
 
 21
 There is no question that this Court in our previous opinion stated numerous times that the parole was a valid parole if the trial court determined that the existing facts before the board did not substantially undermine the parole board's decision to grant Ellard's parole. Ellard contends that our remand on the basis set out above prevented the state from attempting on remand to prove on some other ground that the parole was void. This is a very persuasive argument.
 
 
 22
 The law of the case principle has been stated for this Circuit as follows:
 
 
 23
 Under the law of the case doctrine, both the district court and the court of appeals generally are bound by findings of fact and conclusions of law made by the court of appeals in a prior appeal of the same case. However, the law of the case doctrine does not apply to bar reconsideration of an issue when (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.
 
 
 24
 United States v. Robinson, 690 F.2d 869, 872 (11th Cir.1982) (citations omitted).
 
 
 25
 In this case the state contends that the first exception applies here, stating that on remand entirely new additional evidence was produced. We are not impressed with this argument. The new evidence was not produced in connection with one of the issues that was before this Court on the prior appeal. It was new evidence introduced to cause the trial court to find another basis for holding the parole void. As this Court has stated: "[W]here an appellate court remands for 'resolution of a narrow factual issue,' the lower court may not circumvent the mandate by approaching the identical legal issue under an entirely new theory." Barber v. Int'l Bhd. of Boilermakers, 841 F.2d 1067, 1070 (11th Cir.1988).
 
 
 26
 That appears to be exactly what happened in this case. We remanded the case to the district court for a determination of four narrow factual issues. The district court resolved these factual issues and found that they did not justify the revocation of Ellard's parole. It then considered a different factual issue to "approach" the same legal issue of validity of Ellard's parole. We are, therefore, of the view that the trial court's decision on remand violated the law of the case doctrine and the mandate rule, which states that: "A district court is not free to deviate from the appellate court's mandate." Barber, 841 F.2d at 1070.
 
 
 27
 (2) The trial court's finding of invalidity of Ellard's parole was clearly erroneous
 
 
 28
 As noted above, Section 15-22-26, Code of Alabama, provides that a prisoner can be released on parole
 
 
 29
 only if the board of pardons and paroles is of the opinion that there is a reasonable probability that, if such prisoner is released, he will live and remain at liberty without violating the law and that his release is not incompatible with the welfare of society....
 
 
 30
 The trial court found the fact: "The board's admitted motive, and, in fact, primary consideration, was the alleviation of the prison overcrowding in Alabama." The court stated that: "Perhaps a fair summary of what was considered by the board when parole was granted appears in the news release put out by the board the day the parole was revoked." Much better evidence than this attempt by the board to explain its unpopular action was the Action form granting Ellard's parole which noted that their reasons for favoring parole for Ellard included:
 
 
 31
 Subject has served sufficient portion of sentence; investigation has been made of subject; subject's parole program is acceptable; subject's interview was favorable; and I am of the opinion that there is a reasonable probability that if this prisoner is released he will live and remain at liberty without violating the law and that his release is not incompatible with the welfare of society.
 
 
 32
 The certificate of parole granted to Ellard also provided that: "Immediately upon release from the service of sentence in Georgia and, if prior to life, I will report directly to the [Alabama] state board of pardons and paroles."
 
 
 33
 The press release was in no way inconsistent with this Action form signed by the parole officers. This release follows:
 
 For Immediate Release
 
 34
 The Board of Pardons and Paroles has ordered Mark Ellard returned to the Alabama Prison System. The Board's prior action in the case has been grossly misunderstood. It has been represented as a parole to the community. It was a parole to a life sentence in Georgia.
 
 
 35
 The provision of the interstate compact for the supervision of probation and parole would have prevented Ellard's return to Alabama without the Board's prior knowledge and approval of a parole plan. The board acted in this case as in other cases to discharge its duty under the law. The paramount question in this case was shall Ellard continue to serve his time in Alabama or continue his time in Georgia. In view of the time served in Alabama, his obligation to the State of Georgia and the federal court order under which the Alabama prison system now operates, the Board believed it was to the best interest of the State of Alabama to allow Ellard to continue service of his sentence in the Georgia prison system. In light of later developments the Board has ordered Ellard returned to the Alabama prison system.
 
 
 36
 (Emphasis supplied.)
 
 
 37
 The trial court based its decision that the parole was void solely on its determination that the board's admitted motive and in fact primary consideration was the alleviation of the prison overcrowding in Alabama. This finding is totally unsupported by the record. Ellard concedes that the board considered the overcrowding of the prison system in Alabama at the time it granted his parole, but there is nothing in the record to establish that this was the actual motive or even the primary consideration for the granting of the parole.
 
 
 38
 Thus, even if we were to hold that the law of the case did not bar this determination on remand, we would be compelled to find that the trial court erred in finding Ellard's parole void ab initio.
 
 V. CONCLUSION
 
 39
 The judgment of the trial court is REVERSED and the case is REMANDED with directions to the trial court to grant the writ and reestablish Ellard's parole.
 
 
 
 [1]
 By this parole, Ellard was transferred to the State of Georgia where he was subject to a life term in prison in that state