**INTERGRAPH CORPORATION,**
**Plaintiff–Appellant,**

v.

**INTEL CORPORATION,**
**Defendant–Appellee.**

No. 00–1368.

United States Court of Appeals,
Federal Circuit.

June 8, 2001.

William L. Jaeger, Townsend and Townsend and Crew LLP, of San Francisco, CA, argued for plaintiff-appellant. With him on the brief were Richard L. Grossman and Margaret C. McHugh. Of counsel on the brief was David Vance Lucas, General Counsel, Intergraph Corporation, of Huntsville, AL. Also of counsel on the brief were John G. Roberts, Jr., and Jonathan S. Franklin, Hogan & Hartson L.L.P., of Washington, DC.

Marc G. Schildkraut, Howrey Simon Arnold & White, LLP, of Washington, DC, argued for defendant-appellee. With him on the brief were Joel M. Freed, Darren B. Bernhard, and Howard T. Rosenblatt. Of counsel was Mary F. Walters. Of counsel on the brief were Peter N. Detkin and Thomas C. Reynolds, Intel Corporation, of Santa Clara, CA.

Before NEWMAN, RADER, and GAJARSA, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

In *Intergraph Corporation v. Intel Corporation*, 195 F.3d 1346, 52 USPQ2d 1641 (Fed.Cir.1999) (*Intergraph I*) this court held that Intel did not violate the antitrust laws by withholding certain proprietary information and product samples from Intergraph, following upon Intergraph's assertion of its Clipper patents against Intel products. *Intergraph I* held that Intergraph had not established grounds on which to litigate whether Intel was a "monopolist," for Intergraph's asserted injury did not derive from anticompetitive actions by Intel. On remand the district court held that *Intergraph I* precluded relitigation of the antitrust issues, and entered judgment to that effect under Fed.R.Civ.P. 54(b). *Intergraph Corporation v. Intel Corporation*, 88 F.Supp.2d 1288, 54 USPQ2d 1431 (N.D.Ala.2000) (*Intergraph II*). Intergraph appeals that judgment.

**I**

Intergraph argued to the district court that it was entitled to relitigate its charges of antitrust violation by Intel, along with the several contract and tort claims that remain for trial. The district court held that the resolution of the antitrust issues in *Intergraph I* is the law of the case.

The doctrine of law of the case generally bars retrial of issues that were previously resolved. *See, e.g., Messenger v. Anderson*, 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152 (1912) (law of the case doctrine "expresses the practice of courts generally to refuse to reopen what has been decided"); *DeLong Equipment Co. v. Washington Mills Electro Minerals Corp.*, 990 F.2d 1186, 1196 (11th Cir.1993) ("the general rule is that 'an appellate court's decision of issues must be followed in all subsequent trial or intermediate appellate proceedings in the same case' except when there are 'the most cogent of reasons' "); *Royal Insurance Co. v. Quinn–L Capital Corp.*, 3 F.3d 877, 881 (5th Cir.1993) (applying law of the case principles to appeal of the grant of a preliminary injunction, "As to decisions of law, the interlocutory appeal will establish law of the case."); *United States v. White*, 846 F.2d 678, 684 (11th Cir.1988) (the doctrine of law of the case encompasses not only matters decided

explicitly in earlier proceedings, but also matters decided by necessary implication); *Terrell v. Household Goods Carriers' Bureau,* 494 F.2d 16, 19–20 (5th Cir.1974) (district court on remand should generally follow the appellate court's decision).

■ Reasons that may warrant departure from the law of the case, thus providing an exception to the more rigorous requirements of *res judicata,* include the discovery of new and different material evidence that was not presented in the prior action, or an intervening change of controlling legal authority, or when the prior decision is clearly incorrect and its preservation would work a manifest injustice. *See, e.g., Smith International Inc. v. Hughes Tool Co.,* 759 F.2d 1572, 1576, 225 USPQ 889, 891 (Fed.Cir.1985).

■ Intergraph argues that new evidence, particularly evidence compiled by the Federal Trade Commission in its investigation of Intel or discovered by Intergraph, shows Intel's anticompetitive behavior in the microprocessor field. Intergraph outlines this evidence in its brief on this appeal. We take note that the cited information is dated well before the decision in *Intergraph I,* yet was not brought to any court's attention either before the decision or by petition after the decision was rendered. The district court carefully reviewed whether the FTC proceedings had been brought to the attention of the Federal Circuit in *Intergraph I.* The district court noted that "Although Intergraph may have obtained *more* evidence related to the FTC's actions, the Federal Circuit was certainly aware of the actions...." *Intergraph II* at 1290 n. 2 (emphasis in original). Intel also points out that a consent order does not establish illegal conduct. *See ITT Continental Baking v. FTC,* 532 F.2d 207, 223 n. 23 (2d Cir.1976); *Beatrice Foods Co. v. FTC,* 540 F.2d 303, 312 (7th Cir.

1976) (a consent decree is not a decision on the merits).

Intergraph does not explain how its purported new evidence is material to the issues properly in this case. The court in *Intergraph I* was concerned with the relationship between Intel and Intergraph, in considering the asserted injury to Intergraph due to Intel's withholding of proprietary information and advance chip samples in response to Intergraph's charges of patent infringement. Intergraph does not disagree that its "new" evidence relates only to Intel's relationships with its competitors in the microprocessor market, and does not assert that Intergraph competes in Intel's market. In *Intergraph I* this court confirmed that to violate the Sherman Act "[t]he prohibited conduct must be directed toward competitors and must be intended to injure competition. Such conduct must affect the relevant product market, that is, the 'area of effective competition' between the defendant and plaintiff." (Citations omitted.) The conclusion that "Intel's conduct with respect to Intergraph does not constitute the offense of monopolization or the threat thereof in any market relevant to competition with Intergraph," *Intergraph I* at 1356, 52 USPQ2d at 1647, remains unrelated to any additional evidence of Intel's actions in the microprocessor market.

The holding in *Intergraph I* conforms with the position that Intergraph was not "a proper party to bring a private antitrust action." *Associated General Contractors v. California State Council of Carpenters,* 459 U.S. 519, 535 n. 31, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983). The Court in *Associated General Contractors* confirmed the judicial obligation to determine whether the plaintiff has standing to bring an antitrust claim, upon evaluation of "the plaintiff's harm, the alleged wrongdoing by the defendants, and the relationship between

them." 459 U.S. at 535, 103 S.Ct. 897. The court in *Intergraph I* considered all of the theories and arguments presented by Intergraph as warranting its proposed role as "enforcer of the antitrust laws." *Todorov v. DCH Healthcare Authority*, 921 F.2d 1438, 1448 (11th Cir.1991) ("antitrust standing is not simply a search for an injury in fact"). Although Intergraph reargues the antitrust issues of *Intergraph I* on this appeal, and seeks to litigate them on remand along with the contract and tort claims remaining in the district court, Intergraph has shown no basis for reopening issues that were resolved in *Intergraph I*. Intergraph points to no intervening change in controlling law. *See Venn v. St. Paul Fire & Marine Ins. Co.*, 99 F.3d 1058, 1063 (11th Cir.1996) (the doctrine of law of the case prevents relitigation of that which has been decided); *Ellard v. Alabama Board of Pardons and Paroles*, 928 F.2d 378, 381 (11th Cir.1991) ("Under the law of the case doctrine, both the district court and the court of appeals generally are bound by findings of fact and conclusions of law made by the court of appeals in a prior appeal of the same case.")

The district court's decision not to relitigate the antitrust issues is affirmed.

## II

Intergraph argues that it was an abuse of discretion for the district court to have entered judgment under Rule 54(b), and that the district court was required to litigate the antitrust claims along with the contract and tort claims because all of these claims "arise out of the same core facts."

██ Rule 54(b) authorizes "an ultimate disposition of an individual claim entered in the course of a multiple claims action" in the "interest of sound judicial administration." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436–37, 76 S.Ct.

895, 100 L.Ed. 1297 (1956). Even for claims that arise out of the same transaction or occurrence, sound case management may warrant entry of partial final judgment. District courts have substantial discretion in determining when there is no just cause for delay in entering judgment under Rule 54(b). *Cold Metal Process Co. v. United Engineering & Foundry Co.*, 351 U.S. 445, 452, 76 S.Ct. 904, 100 L.Ed. 1311 (1956).

██ As discussed in *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 10, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980), the trial court's decision whether to certify a judgment under Rule 54(b) should not be disturbed unless it is "clearly unreasonable." Although it is recognized that piecemeal appeals are inappropriate in cases that should be given unitary review, the entry of judgment under Rule 54(b) was clearly reasonable in this case, for it would avoid an unnecessary and lengthy trial of complex issues if the Rule 54(b) judgment were sustained. We discern no abuse of discretion in the district court's action to enter under rule 54(b) its ruling applying the doctrine of law of the case.

██ Intergraph also argues that the district court had no authority *sua sponte* to enter judgment under Rule 54(b). That is incorrect. "[W]hether to allow an interim appeal is best decided by the trial court." *State Treasurer v. Barry*, 168 F.3d 8, 14 (11th Cir.1999) (Rule 54(b) allows the district court to control its docket).

The district court's action was authorized and appropriate, and is sustained.

*AFFIRMED.*