[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 06, 2006
THOMAS K. KAHN
CLERK

No. 05-12390
Non-Argument Calendar

_____

D. C. Docket Nos. 97-01093-CV-JTC-1
92-00048-CR-JTC

MARCUS ANDERSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 6, 2006)**

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

This is the second appeal from the denial of petitioner's motion to vacate, set

aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. In his § 2255 motion,

Marcus Anderson, a federal prisoner serving a 174-month sentence for conspiracy to possess and possession of cocaine base with intent to distribute it, claimed that his trial counsel operated under a conflict of interest and provided ineffective assistance when he threatened the prosecuting attorney, and thereby adversely affected plea negotiations. The district court denied Anderson's § 2255 motion and declined to grant him a certificate of appealability ("COA"). On appeal, we vacated the district court's denial of the foregoing ineffective-assistance claim, holding that the district court had erred by failing to consider it. See Anderson v. United States, 31 F. App'x 934 (Jan. 8, 2002) (unpublished) ("Anderson I"). In a footnote, we observed that Anderson also argued that his counsel did not inform him of plea offers made by the Assistant United States Attorney. With regard to that argument, we said: "Because Anderson did not raise this claim to the district court, it is deemed waived." Id. (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

On remand, Anderson moved for leave to amend his § 2255 motion, seeking to add the additional claim that trial counsel was ineffective for failing to inform him of pre-trial and mid-trial plea offers. The magistrate judge denied the motion for leave to amend, stating that the motion exceeded our order of remand and that pursuant to our decision in Anderson I, Anderson had waived the claim. The

district court denied the claim remanded for its consideration and denied a COA.

In the instant appeal, we granted a COA on the following issues:

(1)     Whether, after this Court determined that the issue was waived because it was not first raised in the district court, the mandate from this Court precluded the district court on remand from considering appellant's motion to amend his 28 U.S.C. § 2255 motion to add such a claim (namely, that his trial counsel was ineffective for failing to notify him of the government's plea offers)?  Compare Transamerica Leasing, Inc. v Inst. of London Underwriters, 430 F.3d 1326, 1332 (11th Cir. 2005) with Ellard v. Bd. of Pardons and Paroles, 928 F.2d 378, 381-82 (11th Cir. 1991).

(2)     Whether, assuming that this Court's mandate did not preclude the district court from considering the appellant's motion to amend his § 2255 motion, there is any other reason why the defendant should not be permitted to amend his § 2255 motion after this Court remanded the case to the district court?  See Tanner v. United States, 493 F.2d 1350 (5th Cir. 1974); Ching v. United States, 298 F.3d 174 (2nd Cir. 2002).

(3)     Assuming the defendant was permitted to file a motion to amend his § 2255 motion, was his motion to amend timely and did it relate back to his original § 2255 motion?

For the reasons set forth more fully below, we vacate and remand for further proceedings.

We review de novo a district court's legal conclusions in a 28 U.S.C. § 2255 proceeding, and its findings of fact for clear error.  McCarthy v. United States, 320 F.3d 1230, 1231-1232 (11th Cir. 2003).  We review issues relating to application

3

of the law-of-the-case doctrine de novo.  Transamerica Leasing, Inc. v. Institute of London Underwriters, 430 F.3d 1326, 1331 (11th Cir. 2005).

Under the law-of-the-case doctrine, "the findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." Id. (citation omitted).  The "mandate rule," a specific application of the law-of-the-case doctrine, dictates that a district court, "upon receiving the mandate of an appellate court, may not alter, amend, or examine the mandate, or give any further relief but must enter an order in strict compliance with the mandate." Id. (citation omitted).  Moreover, "[a]lthough the trial court is free to address, as a matter of first impression, those issues not disposed of on appeal, it is bound to follow the appellate court's holding, both expressed and implied." Id. (citation omitted).  The law-of-the-case doctrine "cannot apply when the issue in question was outside the scope of the prior appeal." Id. at 1332.  However, if we remand a case for the resolution of narrow factual issues, the district court is constrained from considering a factual argument related to the same legal issue that is outside the scope of the factual issues specified in the remand.  See Ellard v. Ala. Bd. of Pardons & Paroles, 928 F.2d 378, 381 (11th Cir. 1991).

4

Here, unlike the situation in <u>Ellard</u>, we did not remand Anderson's case in order for the district court to resolve narrow factual issues, but remanded instead for the district court to resolve ground one of Anderson's § 2255 motion, which it had failed to consider the first time. Therefore, while the district court was required to rule on the merits of ground one on remand, our mandate did not limit the district court's consideration of claims not previously considered by this Court on appeal. Our observation that Anderson's ineffective-assistance claim was "waived" on appeal because it was not first raised in the district court did not prevent the district court from considering whether to allow Anderson to amend his § 2255 motion on remand to add the additional claim in the first instance. Rather, in deeming the claim waived, this Court was simply following its rule that it will not consider an issue for the first time on appeal that was not previously raised in the district court. However, we did not consider the merits of the new claim or direct the district court not to permit Anderson to amend his § 2255 motion.[1] Accordingly, our remand order did not restrict the district court from considering

---

[1] In support of its argument, the government cites to several unpublished opinions from this Court and opinions from other circuits applying the law-of-the-case doctrine to claims where the appellate court, on the first appeal, had considered and rejected the claims or had found the claims waived because the petitioner failed to raise them at the appropriate time during the initial criminal proceedings or on direct appeal. (<u>See</u> Red Brief at 20-24). However, those cases differ from the present situation where Anderson was not required to preserve his ineffective-assistance-of-counsel claim before raising it for the first time in a § 2255 motion, and this Court has never considered his amended claim.

5

Anderson's motion to amend his § 2255 motion to add a claim for ineffective assistance of counsel based on counsel's failure to inform him of a plea offer.[2]

Turning to the third issue of our COA, Anderson argues that his motion to amend was timely because the amended claim related back to his original § 2255 motion. Rule 15(c) provides in part that an amendment of a pleading relates back to the date of the original pleading when the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. Fed. R. Civ. P. 15(c)(2). "Congress intended Rule 15(c) to be used for a relatively narrow purpose; it did not intend for the rule to be so broad to allow an amended pleading to add an entirely new claim based on a different set of facts." Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003). "[A]n untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial or sentencing proceeding" and "must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" Id. Because we are remanding for consideration of whether the claim should be permitted by the district court, the district court should

---

[2]As for the second issue framed in our COA, the parties raise no additional reasons why Anderson should not have been permitted to amend his § 2255 motion other than those reasons considered under issues one and three.

6

consider, as a basis for allowing or disallowing the amendment to Anderson's §

2255 motion, whether the proposed amended claim relates back to Anderson's

timely filed § 2255 motion.

Accordingly, we vacate and remand in order for the district court to consider

Anderson's motion to amend his § 2255 motion to add the claim that his counsel

was ineffective for failing to notify him of plea offers.

**VACATED AND REMANDED.**