NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MEDEVA PHARMA SUISSE A.G., WARNER CHILCOTT PHARMACEUTICALS INC., AND WARNER CHILCOTT COMPANY, LLC,**
*Plaintiffs-Appellees,*

v.

**PAR PHARMACEUTICAL, INC., AND EMET PHARMACEUTICALS, LLC,**
*Defendants-Appellants.*

---

2011-1391

---

Appeal from the United States District Court for the District of New Jersey in case no. 10-CV-4008, Judge Freda L. Wolfson.

---

## ON MOTION

---

Before PROST, *Circuit Judge.*

### ORDER

Medeva Pharma Suisse A.G. et al. (Medeva) move to dismiss Par Pharmaceutical, Inc. et al. (Par)'s appeal, arguing that the United States District Court for the District of New Jersey improperly directed entry of final

judgment pursuant to Fed. R. Civ. P. 54(b). Par oppose. Medeva reply. Par moves for expedited briefing and argument. Medeva oppose. Par replies.

This Hatch-Waxman suit regarding the ulcerative colitis drug Asacol involves two of Medeva's patents, U.S. Patent Nos. 5,541,171 and No. 5,541,170. Medeva brought the suit, asserting only infringement of the 170 patent against Par. That matter remains in discovery. Par, however, asserted a declaratory judgment claim of invalidity as to the 171 patent. The district court dismissed this claim for lack of standing after Medeva issued a covenant not to sue.

On May 16, 2011, the district court entered a Rule 54(b) judgment on the 171 claim. According to the court, if the decision were to be reversed on appeal, then the court could possibly try both claims at the same time because the 170 litigation is still in discovery. Finding no just cause for delay, the court entered judgment, and Par filed this appeal.

Rule 54(b) permits the district court "to direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b).

The court's task in assessing Medeva's motion to dismiss is therefore two fold: The first part—whether the certified claim is final, which we review de novo—is not disputed here. Instead, Medeva challenges the second requirement under Rule 54(b)—that the district court erred in determining that there was no just reason for delay.

This determination is committed to the sound discretion of the trial court by statute. The court's task is thus only to assess whether the movant can establish the

district court abused its discretion in finding the final claim should be heard now as opposed to waiting until all claims against all parties have been entered. *W.L. Gore & Assoc. v. Int'l Med. Prosthetics Research Assoc., Inc.*, 975 F.2d 858, 862 (Fed. Cir. 1992).

Medeva cannot meet this standard. The trial court appears to have considered both parties' arguments, and provided a thorough explanation for why judicial resources could be conserved if judgment was entered pursuant to Rule 54(b). Because the court cannot say the district court abused its discretion, we deny the motion to dismiss.

The court sees no sound reason to cut short Medeva's briefing schedule, which in essence is what Par's motion to expedite this appeal requests. Par may of course significantly self-expedite the case by filing its briefs early. Medeva should not anticipate any extensions of time to file its brief. The case will be placed on the next available oral argument calendar after the briefing schedule is completed, which is the usual course, and thus no motion is necessary to obtain that relief.

Accordingly,

It Is Ordered That:

(1) The motion to dismiss is denied.

(2) The motion to expedite is denied.

For The Court

JUL   7 2011
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JUL 0 7 2011

JAN HORBALY
CLERK

cc: George F. Pappas, Esq.
Daniel G. Brown, Esq.

s19