**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **HTC CORPORATION,** *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )  **Civil Action No. 08-1897 (RMC)** |
| | ) |
| **IPCOM GMBH & CO., KG,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**OPINION REGARDING 54(b) CERTIFICATION**

IPCom GMBH & Co., KG, seeks a certification of final judgment under Federal Rule of Civil Procedure 54(b) as to the Court's holding that products sold by HTC Corporation and HTC America, Inc. (collectively "HTC") do not infringe IPCom's Patents, U.S. Patent Nos. 5,390,216 and 7,043,751. Such a certification would permit immediate appeal of those rulings, without waiting for a final ruling on a third patent which the parties are also litigating in this suit, U.S. Patent No. 6,879,830.

**I. FACTS**

HTC filed this suit seeking a declaratory judgment of noninfringement of the 216 Patent. IPCom counterclaimed for infringement of the 216 Patent as well as the 751 and 830 Patents. On March 16, 2012, the Court granted HTC's motion for summary judgment of noninfringement of the 216 Patent. Op. [Dkt. 324]; Order [Dkt. 325]; *see also* Op. [Dkt. 366] (clarifying in part finding of noninfringement of the 216 Patent); Order [Dkt. 367] (same). On March 28, 2012, the Court granted HTC's motion for summary judgment of noninfringement of

the 751 Patent.  Op. [Dkt. 328]; Order [Dkt. 329].

In addition to claiming noninfringement, HTC asserted that the 216 and 751 Patents were invalid.  However, because the Court has concluded that these Patents were not infringed, any outstanding invalidity claims with regard to these Patents that remain pending will be denied without prejudice.[1]  *See Liquid Dynamics Corp. v. Vaughan Co.*, 355 F.3d 1361, 1371 (Fed. Cir. 2004) (district court has discretion to dismiss invalidity counterclaim as moot when it has found noninfringement).

The only claims awaiting adjudication in this case are those relating to the 830 Patent.  Previously, on August 25, 2010, this Court found various claims of the 830 Patent to be invalid.  Markman Op. [Dkt. 187]; Order [Dkt. 188].  Consequently, the parties stipulated to the entry of a Rule 54(b) certification with regard to the 830 Patent, *see* Stip. & Order [Dkt. 206], and an immediate appeal was taken.  On January 30, 2012, the Federal Circuit reversed and remanded.[2]  Op. & J. [Dkt. 323].  The parties are in the midst of discovery regarding the 830 Patent, and dispositive motions are due to be fully briefed by the end of January 2013.  *See* Scheduling Order [Dkt. 341].  No trial date has been set.

IPCom seeks a certification of final judgment with regard to the 216 and 751 Patents.  HTC opposes.

## II.  LEGAL STANDARD

Under Rule 54(b), a  district court dealing with multiple claims or multiple parties

---

[1] IPCom argues that none of HTC's invalidity claims actually remain pending.  HTC disputes this, but concedes that if the Court grants the 54(b) certification, it should dismiss HTC's invalidity claims without prejudice.

[2] The mandate issued on March 7, 2012.  Op. & J. [Dkt. 323].

may direct the entry of final judgment as to fewer than all of the claims or parties if the court expressly finds that there is no just reason for delay. Fed. R. Civ. P. 54(b); *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 3 (1980). In determining whether to grant a 54(b) motion, a court must first determine whether the judgment to be certified for appeal was "final," *i.e.* whether it was the ultimate disposition of an individual claim. *Curtiss-Wright*, 446 U.S. at 7. Second, the court must determine whether there is no just reason for delay, taking into account the federal policy against piecemeal litigation, the need for judicial efficiency, and whether an immediate appeal would be equitable. *Id*. at 8. A district court also must consider "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issue more than once even if there were subsequent appeals." *Id*. District courts have "substantial discretion" in determining whether there is no just reason for delay. *Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 699 (Fed. Cir. 2001). "Rule 54(b) allows a district court to act as a dispatcher and determine, in the first instance, the appropriate time when each final decision upon one or more but less than all of the claims in a multiple claims action is ready for appeal." *Lava Trading, Inc. v. Sonic Trading Mgmt., LLC*, 445 F.3d 1348, 1350-51 (Fed. Cir. 2006) (internal quotation marks and citation omitted).

The Federal Circuit has jurisdiction to hear appeals of Rule 54(b) certified judgments pursuant to 28 U.S.C. § 1292(c), and has done so in patent cases. *State Contracting & Eng'g Corp. v. Florida*, 258 F.3d 1329, 1334 (Fed. Cir. 2001). Pursuant to a 54(b) certification, the Federal Circuit has heard appeals concerning only some patents in multi-patent cases. *See, e.g., Medeva Pharma Suisse A.G. v. Par Pharm., Inc.*, 430 F. App'x 878, 879-80 (Fed. Cir. 2011)

(finding district court did not err in granting 54(b) certification of a judgment on one patent while a second patent was still in discovery).

### III.  ANALYSIS

There is no question that the 216 and 751 Patents have been finally adjudicated and that only issues regarding the 830 Patent remain.  Due to the need for discovery, the dispositive motion schedule, and the Court's criminal trial schedule, the soonest that a trial could be held on the 830 Patent is late fall 2013.  There is no just reason to delay an appeal on the 216 and 751 Patents for well over a year.

HTC argues that certification should be denied because issues regarding the 830 Patent and the other Patents are overlapping.  HTC contends that the technology involved in the three patents relates to mobile phones, that IPCom has used the same technical expert on the 751 and 830 Patents, and that the 751 and 830 Patents are both essential to the UMTS standard.  Even so, HTC fails to point to any actual overlapping issues.  Moreover, HTC's current position is greatly undermined by its prior inconsistent position on this very issue.  HTC previously stipulated to the 54(b) certification of the appeal of the 830 patent.

Further, the 830 Patent is different from the 216 and 751 Patents.  The Patents deal with different technologies, the infringement evidence for each is unique, and HTC's invalidity argument for each is distinct.  Future proceedings on the 830 Patent will not render moot any appeal of the 216 or 751 Patents.[3]  Mindful of the policy against piecemeal litigation,

---

[3] The parties believe that if the Court certifies the 216 and 751 Patents for appeal, trial on the 830 Patent should await the outcome of the appeal.  That way, if either of the judgments is vacated and remanded, a single trial could be held on all Patents remaining.  It is premature to decide the timing of the trial on the 830 Patent, as numerous intervening factors could affect it.  At this juncture, the Court declines the invitation to set the 830 Patent trial after the appeal of the

the Court finds that there is no just reason for delay.

## IV. CONCLUSION

The motion for certification under Rule 54(b) will be granted. Final judgment of noninfringement of the 216 and 751 patents will be entered, and all other claims or counterclaims concerning the 216 and 751 Patents that may remain pending will be dismissed without prejudice. The judgment of noninfringement of the 216 and 751 Patents will be certified for immediate appeal to the U.S. Court of Appeals for the Federal Circuit. A memorializing Order accompanies this Opinion.


Date: August 28, 2012                           _____/s/_____
                                        ROSEMARY M. COLLYER
                                        United States District Judge

---

216 and 751 Patents is resolved. Trial on the 830 Patent, if needed, will be set after any dispositive motions are resolved.