# In the United States Court of Federal Claims

No. 11-779C

(Filed: September 27, 2013)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| STARR INTERNATIONAL COMPANY, INC., on its behalf and on behalf of a class of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | Motion to Certify Court Order for Interlocutory Review; 28 U.S.C. § 1292(d)(2); Timeliness of Motion; Factors to be Considered; Whether a Novel and Controlling Issue is Presented; Whether a Fuller Record After Trial Would Aid Appellate Review; Whether an Immediate Appellate Review Would Materially Advance the Termination of the Litigation. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*David Boies*, with whom were *Robert J. Dwyer*, *Alanna C. Rutherford*, *Julia C. Hamilton*, *Hamish P. M. Hume*, and *Samuel C. Kaplan*, Boies, Schiller & Flexner LLP, Armonk, New York, and *John L. Gardiner*, Skadden, Arps, Slate, Meagher & Flom LLP, New York, New York, for Plaintiff.

*Brian A. Mizoguchi*, Assistant Director, with whom were *Joyce R. Branda*, Deputy Assistant Attorney General, *Jeanne E. Davidson*, Director, *Scott D. Austin*, Assistant Director, *Timothy P. McIlmail*, Senior Trial Counsel, *Amanda L. Tantum*, and *Benjamin J. Zeitlin*, Trial Attorneys, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

### ORDER ON DEFENDANT'S MOTION TO CERTIFY THE COURT'S JUNE 26, 2013 ORDER FOR INTERLOCUTORY REVIEW

WHEELER, Judge.

On August 16, 2013, Defendant filed a motion pursuant to 28 U.S.C. § 1292(d)(2) asking the Court to certify its June 26, 2013 Order for interlocutory review by the U.S. Court of Appeals for the Federal Circuit. Plaintiff's complaint, as amended, alleges Fifth Amendment taking and illegal exaction claims relating to the Government's bailout of

American International Group, Inc. ("AIG") beginning in September 2008. Plaintiff Starr International Company, Inc. ("Starr") and its class members were shareholders of AIG during relevant time periods in 2008 and 2009. Defendant requests the Court to certify the issue of whether Starr and its class members may assert direct shareholder claims against the United States under Delaware law and the United States Constitution, or whether the claims are exclusively derivative in nature. Def.'s Mot. 1. Defendant contends that this issue is a controlling question of law about which there is a substantial ground for difference of opinion, and that an immediate appeal from this Court's June 26, 2013 Order may materially advance the termination of the litigation. Id. at 3 (citing 28 U.S.C. § 1292(d)(2)). On August 30, 2013, Starr filed an opposition to Defendant's motion, and on September 6, 2013, Defendant filed a reply. The Court found the parties' briefs thorough and informative, and did not request oral argument in this matter.

Courts have long held that "[i]nterlocutory appeals [under 28 U.S.C. § 1292] are reserved for exceptional or rare cases and should be authorized only with great care as to avoid unnecessary and piecemeal litigation." Jaynes v. United States, 69 Fed. Cl. 450, 460 (2006) (internal citations omitted); see also, Petro-Hunt, LLC v. United States, 91 Fed. Cl. 447, 451 (2010); Klamath Irr. Dist. v. United States, 69 Fed. Cl. 160, 161 (2005). Emphasizing how infrequently interlocutory review should occur, the U.S. Supreme Court has observed that "[r]outine resort [to interlocutory appeals] would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule." Caterpillar Inc. v. Lewis, 519 U.S. 61, 74 (1996) (internal citations omitted). The decision whether to grant interlocutory review lies within "the sound discretion of the trial judge." Petro-Hunt, 91 Fed. Cl. at 452 (citing Arthur Young & Co. v. U.S. Dist. Ct., 549 F.2d 686, 697 (9th Cir. 1977)). Once an order is certified for interlocutory appeal, "the Federal Circuit may, in its discretion, permit an appeal to be taken from such order." 28 U.S.C. § 1292(d)(2).

A. Timeliness of Defendant's Motion

In this case, the Court first must address whether Defendant's August 16, 2013 request for certification is timely. The Court ruled on the issue of whether Starr and its class members could assert direct shareholder claims more than 14 months ago, on July 2, 2012. On that date, in a comprehensive 49-page opinion, the Court granted in part and denied in part Defendant's motion to dismiss. Starr Int'l Co. v. United States, 106 Fed. Cl. 50 (2012). The Court provided a detailed analysis of whether Starr has standing to bring a direct shareholder claim, discussing at length the applicable Delaware law.[1] Id. at 61-65. Later, on September 17, 2012, the Court denied Defendant's motion for reconsideration, noting that "[t]he Government has not asserted any 'intervening change

---

[1] The leading Delaware cases on direct versus derivative shareholder claims are: Gatz v. Ponsoldt, 925 A.2d 1265 (Del. 2007); Gentile v. Rosette, 906 A.2d 91 (Del. 2006); Tooley v. Donaldson, 845 A.2d 1031 (Del. 2004); and In re Tri-Star Pictures, 634 A.2d 319 (Del. 1993). The Court addressed each of these cases in its July 2, 2012 opinion.

of legal authority,' nor has it demonstrated that the Court's decision would work a 'manifest injustice.'" Starr Int'l Co. v. United States, 107 Fed. Cl. 374, 376 (2012) (citing Intergraph Corp. v. Intel Corp., 253 F.3d 695, 698 (Fed. Cir. 2001)).  Defendant thus has had the Court's unequivocal rulings on Plaintiff's standing to bring direct shareholder claims for many months.  Reasonable diligence would have demanded that Defendant file a motion to certify for interlocutory appeal, if that was its choice, long before now.

Earlier this year, in January 2013, AIG's Board of Directors determined after careful analysis that AIG did not wish to pursue the shareholder derivative claims in this case.  A controversy arose as to whether AIG should be dismissed as a nominal defendant under Delaware's business judgment rule, in deference to its Board's reasoned decision.  On March 22, 2013, the Court issued a briefing schedule for AIG's and Defendant's motions to dismiss Starr's shareholder derivative claims.  Dkt. No. 107.  In response to Defendant's stated intention also to challenge again the direct shareholder claims, the Court stated:

> Although the Government may, for procedural reasons of preserving issues for appeal, assert that these amended direct claims should be dismissed, the Court will not entertain any arguments that have been previously rejected.  The Court expects the issue of Starr's derivative claims to predominate in any motion to dismiss.

Id. at 2.  Defendant nevertheless raised the same direct shareholder arguments for a third time, and the Court addressed them in its June 26, 2013 order.  The Court rejected Defendant's position that any of the arguments were "new material facts" or that the Court should reconsider the two prior decisions denying the motions to dismiss the direct claims.  Starr Int'l Co. v. United States, 111 Fed. Cl. 459, 480-82 (2013).

In circumstances where the Court has issued three rulings denying Defendant's motions to dismiss the direct shareholder claims, and only the June 26, 2013 order could serve as a basis to seek timely interlocutory review, the question becomes whether anything of significance has changed since the first or second orders issued in 2012.  See FTC v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 211-12 (1952) ("[T]he mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought.  Only when the lower court changes matters of substance or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew."); Erb v. Alliance Capital Mgmt. L.P., 423 F.3d 647, 650-51 (7th Cir. 2005) ("Unless the circumstances have changed significantly since the entry of the original order, we will deem the notice of an appeal from that order, even though it may designate a later order as the order being appealed.").

In this case, one new development from the June 26, 2013 order is that AIG no longer is a party, and the shareholder derivative claims have been dismissed. From Defendant's standpoint, the entire focus of the case now is the direct shareholder claims, and in some sense, those claims arguably are more "controlling" under 28 U.S.C. § 1292(d)(2) than they were previously. Nonetheless, the resurrection of Defendant's request for certification rests upon the assertion in 2013 of essentially the same arguments previously made in 2012, something the Court requested Defendant not to do in the March 22, 2013 scheduling order. The Court will not permit Defendant to resurrect an interlocutory appellate review of the July 2, 2012 order in this way, and therefore finds the August 16, 2013 motion for certification untimely.

B. Merits of Defendant's Motion

Even in the absence of a timeliness problem, Defendant's motion would not satisfy the criteria for interlocutory appeal under 28 U.S.C. § 1292(d)(2). As this Court explained in its July 2, 2012 decision on Defendant's motion to dismiss, the Supreme Court of Delaware has established a test for whether a shareholder claim is derivative or direct. Starr Int'l, 106 Fed. Cl. at 62. According to the Delaware Court, the determination turns "*solely* on the following questions: (1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders, individually)?" Tooley v. Donaldson, 845 A.2d 1031, 1033 (Del. 2004) (emphasis in original). In other words, "a court should look to the nature of the wrong and to whom the relief should go." Id. at 1039.

Starr has brought a "corporate overpayment" shareholder claim by asserting that the Government forced AIG to issue to the Government over 562 million shares of AIG common stock for insufficient consideration. Starr Int'l, 106 Fed. Cl. at 62. Depending upon the circumstances, such a claim under Delaware law can be derivative and direct where an action harms both the shareholders and the corporation. Gatz v. Ponsoldt, 925 A.2d 1265, 1278 (Del. 2007); Gentile v. Rosette, 906 A.2d 91, 100 (Del. 2006). Public shareholders have a direct claim for the expropriation of their economic value and voting power where: "(1) a stockholder having majority or effective control causes the corporation to issue 'excessive' shares of its stock in exchange for assets of the controlling stockholder that have a lesser value; and (2) the exchange causes an increase in the percentage of the outstanding shares owned by the controlling stockholder, and a corresponding decrease in the share percentage owned by the public (minority) shareholders." Rosette, 906 A.2d at 100.

The application of this test under Delaware law requires a factual inquiry, and does not present purely a question of law. The issue is not whether a direct shareholder claim can *ever* be brought under Delaware law, but whether under the facts of this case,

4

the Government caused the shareholders to suffer the alleged harm, and whether any damages awarded should go to the shareholders instead of the corporation. This question cannot be answered in a vacuum, but rather requires a full evidentiary record to determine whether the Government used its control of AIG to expropriate the economic and voting interests of the then-existing common stock shareholders. The question when properly understood actually is not a novel or unique issue for which interlocutory appeal would be appropriate.

Adhering to the U.S. Supreme Court's holding that interlocutory review should be reserved for "exceptional cases," Caterpillar Inc., 519 U.S. at 74, it is useful to contrast this case with Nebraska Public Power District v. United States, 74 Fed. Cl. 762 (2006), where Judge Francis Allegra certified a truly novel issue for interlocutory review by the Federal Circuit. In Nebraska Power, a spent nuclear fuel case, Judge Allegra found that a writ of mandamus issued by the U.S. Court of Appeals for the District of Columbia in Northern States Power Co. v. Dept. of Energy, 128 F.3d 754 (D.C. Cir. 1997) was void for want of jurisdiction, and he ordered the Government to brief its arguments regarding the "unavoidable delays" clause of the standard Department of Energy contract. Nebraska Power, 74 Fed. Cl. at 762-63. The plaintiff in Nebraska Power, seeing an unusual jurisdictional issue involving another court, asked Judge Allegra to certify the question for interlocutory review, and the Government did not oppose the plaintiff's request. Id. at 763. The Federal Circuit accepted interlocutory review and on January 12, 2010, issued its decision reversing and remanding Judge Allegra's decision. Nebraska Public Power District v. United States, 590 F.3d 1357 (Fed. Cir. 2010).

Nebraska Power presented an issue much more suitable for interlocutory appeal than in this case, and the parties there agreed that review by the Federal Circuit should be requested. Here, conversely, the parties do not agree, with Starr advocating that the Court defer appellate review in the usual manner until a final judgment is entered. The Government argues that certifying the issue will conserve the limited resources of the judiciary and the parties by giving the Federal Circuit the opportunity to rule on a controlling question of law prior to trial. However, this argument ignores an important countervailing consideration. Starr carries the burden of proof in this case, and a delay will make it more difficult for them to pursue their claims as time goes on and memories fade.

At this stage in the litigation, it is doubtful that the Federal Circuit could perform an effective review of a Delaware causation rule without a factual record. The Court sees no likelihood that an interlocutory review would materially advance the termination of the litigation as prescribed in 28 U.S.C. § 1292(d)(2).

The Court also agrees with Plaintiff that, in Fifth Amendment taking claims, "the appellate court should address this case only with the benefit of a complete factual record." Pl.'s Opp. 13. In taking claims generally, the Supreme Court has observed that

the outcome depends largely upon the particular circumstance of the case, and "this Court, quite simply, has been unable to develop any 'set formula' for determining when 'justice and fairness' require that economic injuries caused by public action be compensated by the government, rather than remain disproportionately concentrated on a few persons." Penn Central Transp. Co. v. City of New York, 438 U.S. 104, 123-24 (1978) (citations omitted); see also, Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419, 426 (1982) (courts "must engage in 'essentially ad hoc, factual inquiries'" to determine whether a unique takings case has arisen) (citations omitted).

Finally, the test for Starr's illegal exaction claim "is identical to the Takings test." Casa de Cambio Comdiv S.A. de C.V. v. United States, 291 F.3d 1356, 1364 (Fed. Cir. 2002). Whether an illegal exaction has occurred is not a purely legal question, but would require this Court to apply a causation standard to the evidence presented at trial. An immediate appeal of the illegal exaction claim to the Federal Circuit without the underlying factual record would not serve any useful purpose, and would not materially advance the termination of the litigation under 28 U.S.C. § 1292(d)(2).

C. Conclusion

Based on the foregoing, the Court concludes that Defendant's motion to certify the June 26, 2013 order for interlocutory review is untimely, and that the grounds for the motion do not satisfy the criteria in 28 U.S.C. § 1292(d)(2). Accordingly, Defendant's motion is DENIED.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge