**Leora M. ADAMS, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 04–7015.

United States Court of Appeals, Federal Circuit.

DECIDED: March 3, 2004.

David B. Stinson, Principal Attorney, Brian M. Simkin, Richard J. Hipolit, David M. Cohen, Ethan G. Kalett, of Counsel, Washington, DC, for Respondent–Appellee.

Leora M. Adams, of Counsel, Charleston, MO, pro se.

Before SCHALL, GAJARSA, and PROST, Circuit Judges.

PER CURIAM.

Leora M. Adams ("Adams" or "Appellant") appeals a judgment of the United States Court of Appeals for Veteran Claims ("CAVC"), affirming the Board of Veteran Appeals' ("BVA" or "Board") finding of no clear and unmistakable error

("CUE") in its July 5, 1983 decision. Because statutorily we do not have jurisdiction to review CAVC's factual determinations we *dismiss* the appeal.

## BACKGROUND

Leora M. Adams, petitioner, is a widow of Delmar Adams, a decorated World War II veteran and a former P.O.W. The late Mr. Adams had several service-connected disabilities including psychoneurosis, peptic ulcer and a leg scar. From 1975 onward, Mr. Adams was rated as totally disabled based on individual unemployability stemming from his psychoneurosis. In 1982, Mr. Adams died. The cause of death was listed as "acute myocardial infarction due to arteriosclerotic cardiovascular disease." Mrs. Adams filed a claim for service connection for Mr. Adams' cause of death. She predicated her claim on the opinion of Dr. Alden Sargent, who wrote that any condition contributing to stress (such as psychoneurosis) would adversely affect a cardiac condition. In September 1982, a VA regional office denied the claim. In July 1983, the Board of Veteran Appeals affirmed the denial. The Board was of the opinion that the "primary cause of death ... was so overwhelming that eventual death could have been anticipated irrespective of the coexisting service-connected nervous disorder...." This determination was signed by a medical doctor. In a February 1984 reconsideration decision, the BVA found no "obvious error" in the July 1983 decision. The Appellant reopened the claim, and in May 1990, was once again denied service connection for the cause of death.

In 1999, the Appellant attempted to reopen the claim again citing statements from Dr. John P. Sargent, dated in 1994 and 1996 as new evidence. The BVA denied the motion ruling that the statements were not "new and material." In an April 1999 decision the CAVC reversed the BVA ruling that the statements by Dr. John Sargent were "new and material." In January 2000, the BVA, on remand from the CAVC, granted the service connection for Mr. Adams' cause of death.

In September 2000, Mrs. Adams filed an appeal claiming that BVA's 1983 decision was a product of CUE. In that letter, the Appellant alleged that in 1983 the Board misapplied the "benefit of the doubt" rule. *See* 38 U.S.C. § 5107(b) ("When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant.") In October 2001, the Board held that no CUE was present in the 1983 decision. The BVA opined that Mrs. Adams' claim was nothing more than a "disagreement as to how the Board evaluated" the medical evidence. The CAVC, affirmed the judgment of the Board. Mrs. Adams now appeals to this Court.

## STANDARD OF REVIEW

The Federal Circuit's review of the CAVC's decisions is limited by statute. *See* 38 U.S.C. § 7292. We are without jurisdiction to hear "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). If the Appellant's case does not meet the very limited criteria specified by 38 U.S.C. § 7292 allowing this court to review challenges to statutes and regulations, we have no jurisdiction and must dismiss the appeal. *Woodson v. Brown,* 87 F.3d 1304, 1307 (Fed.Cir.1996).

## DISCUSSION

The Appellant's case reduces to the argument that BVA's failure to fully credit Dr. Alden Sargent's opinion on the interrelation of Mr. Adams' psychoneurosis and

the ultimate cause of his death constitutes a CUE. Mrs. Adams contends that there was no evidence to contradict Dr. Alden Sargent's opinion, and in the absence of such contradictory evidence the Board should have awarded service connection for Mr. Adams' cause of death. The problem with this argument however is that it is nothing more than a complaint about the application of the "benefit of the doubt" rule to the Appellant's specific set of facts. As previously discussed, we are without jurisdiction to review a challenge to the application of a law or regulation to facts. 38 U.S.C. § 7292(d)(2).

Mrs. Adams disagrees with the weight Dr. Alden Sargent's opinion was given. This disagreement however, does not constitute a CUE. Rule 1403 of the BVA's Rules of Practice (found in 38 C.F.R. § 20.1403) defines clear and unmistakable error. The rule clearly states that a disagreement as to how the facts were weighed or evaluated does not constitute a CUE. 38 C.F.R. § 20.1403(d)(3); *Disabled Am. Veterans v. Gober*, 234 F.3d 682, 695, 704 (Fed.Cir.2000) (upholding Rule 1403). Because the Appellant challenges the fact-finding of the Board, we are without authority to grant the relief requested. *See* 38 U.S.C. § 7292(d)(2).[1]

### CONCLUSION

For the foregoing reasons, we dismiss Mrs. Adams' appeal for lack of jurisdiction.

No costs.

---

1. The fact that in the year 2000 the BVA granted service connection to Mr. Adams' cause of death does not *ipso facto*, mean that the Board committed a CUE in 1983. The 2000 decision was based on the new evidence (statements made by Dr. John P. Sargent, M.D. dated in 1994 and 1996). This evidence was unavailable to the Board in 1983, and thus cannot serve as a predicate for a finding of CUE. For a finding of CUE "correct facts, *as they were known at the time"* must not have been before the Board. 38 C.F.R. § 20.1403(a) (emphasis added).