DECISION
SCHALL, Circuit Judge.
Richard Doherty appeals the decision of the United States Court of Appeals for Veterans Claims that affirmed the decision of the Board of Veterans’ Appeals (“BVA” *900 or “Board”) denying his claim of clear and unmistakable error (“CUE”) in a February 1979 rating decision of a Veterans Administration (“VA”) regional office (“RO”). Doherty v. Principi 2003 WL 21688312, 2003 U.SApp. Vet. Claims LEXIS 548, No. 01-281 (VetApp. July 9, 2003). We dismiss for lack of jurisdiction.
DISCUSSION
I.
Mr. Doherty served on active duty in the U.S. Army from March 1976 until his honorable discharge on November 13, 1978. Upon discharge, he filed an application for compensation or a pension for a back injury he had received while lifting a heavy rock. A December 1978 report by the VA medical examiner reflected, inter aha, a diagnosis of “chronic low back strain.” In a February 1979 rating decision, the RO noted the December 1978 examination report, granted service connection for a low back strain, and assigned a 10% disability rating under 38 C.F.R. § 4.71a, Diagnostic Code 5295, effective November 14, 1978. Mr. Doherty did not appeal that decision.
In April 1993, Mr. Doherty requested an increased rating for his service-connected back condition. As a result, in June 1995, he received a 60% disability rating and was awarded a rating of total disability based on individual unemployability, effective April 8, 1993. In November 1996, in an attempt to change the effective date of his increased disability rating, Mr. Doherty alleged CUE in the February 1979 RO decision. He asserted that the VA had made an error in the 1979 evaluation and that his “back was totally messed up the same as [in] 1993 when [he] got 100%.” Doherty, 2003 U.SApp. Vet. Claims LEXIS 548, at *5. In support of his CUE claim, Mr. Doherty attached certain copies of his service medical records, along with a letter, dated May 1997, written by a doctor supporting his claim. Id. at *5-6. In a June 1997 decision, the RO denied the CUE claim with respect to the February 1979 RO decision. Mr. Doherty cited additional support from his doctor. However, the RO again determined that there was no CUE in the February 1979 decision. Mr. Doherty appealed the RO decision to the BVA.
In a December 2000 decision, the Board denied Mr. Doherty’s claim for a disability rating in excess of 10% for his service-connected back disorder, effective in November 1978, based on CUE in the February 1979 RO decision. The Board noted that it was “highly pertinent” that Mr. Doherty’s medical records “contained ... a clear difference of opinion regarding the appropriate diagnosis.” Id. at *8. Mr. Doherty appealed the BVA’s adverse decision to the Court of Appeals for Veterans Claims (“Veterans Court”).
The Veterans Court affirmed the Board’s decision, stating that “the appellant’s contentions do not constitute a sufficient basis for establishing CUE because he has not demonstrated how any of the asserted errors, had they not been made, would have been outcome determinative.” Id. at *11. The Veterans Court also rejected Mr. Doherty’s contentions regarding the RO’s asserted failure in 1979 to apply the benefit-of-the-doubt doctrine. Id. at *15. Finally, the court rejected Mr. Doherty’s argument that the case should be remanded because the Board allegedly failed meet the requirements of 38 U.S.C. § 7104(d)(1). Id. at *15-16. Mr. Doherty now appeals to us.
II.
Mr. Doherty presents three issues on appeal:
*901 (1) Whether the 1979 RO decision was the product of CUE because the VA medical examiner failed to put the correct facts before the adjudicators at the time of the 1979 decision, depriving them of the critical medical evidence necessary to a correct decision;
(2) Whether, if the pertinent medical records were constructively in the record, the benefit-of-the-doubt rule should have been applied in Doherty’s favor; and
(3) Whether the explanation given by the BVA for rejecting Doherty’s claim failed to meet the statutory requirements of 38 U.S.C. § 7104(d)(1).
For the reasons that follow, we conclude that we lack jurisdiction. We therefore dismiss Mr. Doherty’s appeal.
This court’s jurisdiction to review decisions of the Veterans Court is limited. While we may review issues of constitutional or statutory interpretation, we are specifically precluded from reviewing factual determinations or challenges to law or regulation as applied to facts. 38 U.S.C. § 7292(d) (2000); Forshey v. Principi 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc); Livingston v. Derwinski 959 F.2d 224, 225 (Fed.Cir.1992) (“In the absence of a challenge to the validity of a statute or a regulation, or the interpretation of a constitutional or statutory provision or a regulation, [this Court] ha[s] no authority to consider the appeal.”).
Considering the first issue raised by Mr. Doherty, a prior BVA or RO decision must be reversed or revised by the Veterans Court when the evidence establishes CUE. 38 U.S.C. §§ 5107(b), 7111 (2000); 38 C.F.R. §§ 3.105(a), 20.1400-1411 (2003). Before the Veterans Court, Mr. Doherty argued that “the correct facts were not before the RO” at the time of the 1979 RO decision and that the RO “failed to even mention the critical evidence” in his service records. The Veterans Court determined, however, that the RO had been presented with “conflicting evidence,” and that Mr. Doherty’s “argument amounts to no more than a disagreement with the manner in which the 1979 RO weighed the evidence.” Doherty, 2003 U.SApp. Vet. Claims LEXIS 548, at *12. In order to address Mr. Doherty’s first contention on appeal, we would have to reweigh the facts and determine whether the evidence before the RO in 1979 showed something other than what the RO found. This plainly is a task beyond our jurisdiction.
Turning to Mr. Doherty’s second issue on appeal, 38 C.F.R. § 3.102 (1978) grants the claimant the benefit-of-the-doubt when the evidence is evenly balanced between the claimant and the VA. Mr. Doherty asserts that, in his case, the RO faced just such a situation in 1979 and that the VA therefore committed CUE when it failed to apply the benefit-of-the-doubt and, as a result, grant him a higher disability rating. In order to address Mr. Doherty’s argument, we would have to analyze the pertinent evidence and make a factual finding that the evidence was in equipoise. As noted above, our jurisdiction precludes us from undertaking such an analysis.
Mr. Doherty’s third issue on appeal relates to 38 U.S.C. § 7104(d)(1). That section requires that a BVA decision contain “a written statement of the Board’s findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record.” Mr. Doherty argued before the Veterans Court that, in his case, the Board did not comply with the requirements of section 7104(d)(1). The Veterans Court rejected the argument, stating that it was “not persuaded *902 by the appellant’s argument that the BVA, in the decision on appeal, failed to provide an adequate statement of reasons or bases for rejecting Dr. Dickinson’s opinion.” Doherty, 2003 U.SApp. Vet. Claims LEXIS 548, at *15. The court stated that the BVA noted the doctor’s letters and “correctly determined that they did not establish the existence of CUE in the 1979 RO decision____” Id. at *15-16. We have no jurisdiction to review an argument “premised on the basis that the Veterans Court erred by not remanding [a] case over an alleged failure by the Board to satisfy its requirements under 38 U.S.C. § 7104(d)(1).” Cook v. Principi, 353 F.3d 937, 940 (Fed.Cir.2003). We thus lack jurisdiction to consider this third issue.
For the foregoing reasons we lack jurisdiction over Mr. Doherty’s appeal. We therefore dismiss.
Each party shall bear its own costs.