NOTE: This disposition is non-precedential.

# United States Court of Appeals
# for the Federal Circuit

---

**RICHARD D. STEVENS,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7051

---

Appeal from the United States Court of Appeals for Veterans Claims in case No. 09-0542, Judge Lawrence B. Hagel.

---

Decided: June 17, 2011

---

RICHARD D. STEVENS, of Harrisburg, Pennsylvania, pro se.

DANIEL B. VOLK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN

F. HOCKEY, JR., Assistant Director. Of counsel on the brief was MICHAEL J. TIMINSKI, Deputy Assistant General Counsel.

———————————

Before RADER, PROST, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Richard D. Stevens ("Mr. Stevens"), pro se, appeals from a decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans' Appeals ("Board's") decision denying Mr. Stevens' service connection for his knee injury. Because Mr. Stevens raises only factual contentions, we dismiss for lack of jurisdiction.

BACKGROUND

Mr. Stevens served in the United States Army from December of 1953 to December of 1957. Mr. Stevens suffers from "mild to moderate arthritis" in both knees. In March of 2004, Mr. Stevens filed a claim for benefits with the Department of Veterans Affairs ("VA") alleging a service connection for an injury to his right knee. Mr. Stevens alleged that he injured his right knee in 1956 when stationed in Alaska. According to Mr. Stevens, he was working on a telephone pole when a "bull moose violently shook the pole" causing him to fall to the ground and injure his right knee. Mr. Stevens alleges that after the fall he was examined at the local hospital and that his "knee was wrapped up."

The record in this case is limited, in part because the 1973 fire at the National Personnel Records Center in St. Louis, Missouri apparently destroyed Mr. Stevens' service medical records, save for his separation examination. Mr. Stevens' separation examination noted scars on his fore-

head and knee, and stated that his lower extremities were normal upon clinical evaluation. According to a report from an outpatient visit to the VA in November of 2000, Mr. Stevens stated he received a laceration on his right knee at the age of nine. He also reported that he had not been injured or hospitalized during his military service.

The VA Regional Office denied Mr. Stevens' claim, concluding that the evidence did not demonstrate a service connection to his knee injury. Following an appeal, the Board affirmed, concluding that "[t]he preponderance of the evidence [was] against" Mr. Stevens' claim. The Veterans Court affirmed, finding that the Board's determination was not clearly erroneous. The Veterans Court also found that the VA had satisfied its "heightened" duty to assist Mr. Stevens' with his claim due to the loss of records in the fire. Addressing Mr. Stevens' contention that the record was not an "accurate account" of his military service, the Veterans Court concluded that there was no showing of "bad faith or negligence on the part of [the] VA" in losing the records in the fire. Finally, because the Veterans Court held that the Board's weighing of the evidence was not "clearly erroneous," the court held that it could not apply the "benefit of the doubt" rule to Mr. Stevens' claim. Mr. Stevens appealed to this court.

## DISCUSSION

Our review of Veterans Court decisions is limited by statute. Under 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." Unless the appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as

applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Mr. Stevens makes several fact-based arguments in his informal brief, none of which fall within this court's jurisdiction. First, Mr. Stevens contends that he is entitled to "service-connected compensation" because the nature of his injuries is "consistent" with his claim that he was injured during an on-duty fall. In other words, Mr. Stevens contends that the Board's determination that a preponderance of the evidence was against a finding of service connection for the injury was wrong. Whether Mr. Stevens' injury is service connected is a question of fact though, and we do not have jurisdiction to reweigh the evidence considered by the Board. *See Waltzer v. Nicholson*, 447 F.3d 1378, 1380 (Fed. Cir. 2006) (holding that a challenge to the proper weight of the evidence is a question of fact, outside this court's jurisdiction). Second, Mr. Stevens questions whether the limited record can be considered "an accurate account" of his service in the military. The question of whether the record is accurate is also a factual matter, outside the jurisdiction of this court. *See Walters v. Shinseki*, 601 F.3d 1274, 1278 (Fed. Cir. 2010) (holding that a claim that medical records were falsified was a factual question, outside of the court's jurisdiction).

Third, Mr. Stevens "request[s]" that this court apply the "benefit of the doubt principle" to his appeal. The "benefit of the doubt" rule is codified at 38 U.S.C. § 5107(b) and states that the "the Secretary shall give the benefit of the doubt to the claimant" only "[w]hen there is an approximate balance" of evidence on a material issue. Where, as here, the Board has determined that a "preponderance of the evidence" is contrary to the veteran's claim, § 5107(b) does not apply. *Fagan v. Shinseki*, 573 F.3d 1282, 1287 (Fed. Cir. 2009) ("[T]he 'benefit of the

doubt' doctrine has 'no application where the Board determines that the preponderance of the evidence weighs against the veteran's claim' or when the evidence is not in 'equipoise.'") (quoting *Ortiz v. Principi*, 274 F.3d 1361, 1366 (Fed. Cir. 2001)). The Veterans Court held that the Board's factual findings were not clearly erroneous and that therefore the "benefit of the doubt" rule was inapplicable. This court does not have jurisdiction to consider the proper weight of the evidence, and therefore does not have jurisdiction to consider the application of § 5107(b) to the facts of a veteran's claim. *Ferguson v. Principi*, 273 F.3d 1072, 1076 (Fed. Cir. 2001) (stating that § 5107(b) was "unambiguous on its face" and that the application of the statute to the facts of a veteran's claim is outside this court's jurisdiction).

Finally, to the extent Mr. Stevens contends that the loss of his records in the 1973 fire should result in a presumption of a service connection for his injury, this court has previously considered and rejected such an argument. *Cromer v. Nicholson*, 455 F.3d 1346, 1351 (Fed. Cir. 2006) (acknowledging the "challenges posed by the loss of records in the 1973 fire" but concluding that the difficulties are "not a sufficient basis on which this court can create a new rule that would alter the process for benefits claims").

For the reasons stated above, we dismiss Mr. Stevens' appeal for a lack of jurisdiction.

COSTS

Each party shall bear its own costs.

**DISMISSED**