NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GILBERT E. REITZ,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7135

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-3160, Judge William A. Moorman.

---

Decided: April 9, 2014

---

GILBERT E. REITZ, of Somerset, Pennsylvania, pro se.

RYAN MAJERUS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, KENNETH M. DINTZER, Acting Deputy Director. Of counsel on the brief was AMANDA BLACKMON, Staff Attorney, United States Department of Veterans Affairs, of Washington

DC.  Of counsel was MICHAEL J. TIMINSKI, Deputy Assistant General Counsel.

————————————

Before LOURIE, CLEVENGER, and DYK, *Circuit Judges.*

PER CURIAM.

Gilbert E. Reitz appeals from a 2013 decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court affirmed the Board of Veterans' Appeals' ("BVA") decision denying retroactive service-connected benefits for Mr. Reitz's bronchial asthma. *Reitz v. Shinseki*, No. 11-3160, 2013 WL2289945 (Vet. App. May 24, 2013) ("*Reitz I*"). The BVA concluded that a 1976 Regional Office ("RO") decision to deny benefits was not clear and unmistakable error ("CUE"). The BVA had previously concluded that the RO did in fact deny Mr. Reitz's claim in 1976, although the rejection letter was, and still is, missing from Mr. Reitz's claim file. Because we are without jurisdiction, we *dismiss*.

## BACKGROUND

Mr. Reitz served in the United States military from January 1971 until December 1972. This appeal arises from a claim for service-connected benefits for bronchial asthma opened by Mr. Reitz on May 17, 1988. In September 1988, the RO informed Mr. Reitz by letter that his claim would be classified as *reopened* because he had previously applied for, and been denied in 1976, service connection for his asthma. Because the claim was reopened, Mr. Reitz was required to submit new and material evidence ("NME") in its support. If the reopened claim succeeded, he would be entitled to benefits effective the date of reopening—in this case, May 17, 1988.

The 1988 letter explained that the previous denial of asthma-related benefits was communicated to Mr. Reitz

in "our letter of January 28, 1976, inform[ing] you that service connection could not be allowed for a back condition, knee condition, bronchial asthma, neuritis of the right arm or chronic neuritis of the upper right extremities." *In the Appeal of Gilbert E. Reitz*, No. 00-12 163A, 4 (B.V.A. Sept. 26, 2011) ("*Reitz II*") (emphasis added). This reference to a 1976 rejection letter is significant because sometime between 1990 and 1991, the VA lost Mr. Reitz's claim file. Although the VA subsequently reconstructed Mr. Reitz's file to the best of its ability, the reconstructed file does not include a 1976 rejection letter or any other direct evidence that Mr. Reitz's asthma claim was rejected at that time.

In 1998, the BVA determined that Mr. Reitz had submitted NME in support of his reopened asthma claim and granted him benefits effective August 1, 1990. *In the Appeal of Gilbert E. Reitz*, No. 94-26 288 (B.V.A. Oct. 26, 1998) ("*Reitz III*"). In its findings of fact, the BVA concluded that Mr. Reitz's asthma claim was reopened, rather than original, because an earlier claim for asthma had been denied in 1976. *Id.* at 3. Although the BVA noted that there was no 1976 rejection letter in Mr. Reitz's reconstructed file, it relied on the 1988 letter's reference to this document and the presumption of regularity—a presumption that "government officials have properly discharged their official duties." *Id.* at 4–5.

Following the BVA's 1998 decision, Mr. Reitz sought an earlier effective date of his benefits. The RO denied the claim, and Mr. Reitz appealed to the BVA, alleging that the 1976 denial of benefits had been CUE. The BVA granted Mr. Reitz an effective date of May 17, 1988—the date that his claim was reopened—but concluded that the 1976 rejection could not be challenged for CUE as a matter of law because it was impossible to know what record had been before the RO in 1976. Mr. Reitz appealed to the Veterans Court.

In a 2006 order, the Veterans Court vacated the BVA's finding that a CUE challenge could not be sustained as a matter of law on a reconstructed record. *Reitz v. Nicholson*, 21 Vet. App. 420, at *4–5 (2006) ("*Reitz IV*"). It instructed the BVA on remand to conduct a CUE analysis by considering all documents in the reconstructed record pre-dating the 1976 rejection. *Id.*

The 2006 Veterans Court order did, however, affirm the BVA's earlier finding that Mr. Reitz's asthma claim was initially rejected in 1976. *Id.* at *5. In this respect, the court stated that the BVA "plausibly relied on the reference to the January 1976 letter in the RO's September 7, 1988 letter as evidence that the RO issued a decision on the appellant's claims in January 1976." *Id.* at *3. The Veterans Court thus rejected Mr. Reitz's argument that he was entitled to a 1975 effective date because his original claim had been pending since that time. It concluded that "the [BVA's] assignment of an effective date [of May 17, 1988] was not clearly erroneous." *Id.* Mr. Reitz appealed the court's decision here, but we dismissed the appeal for failure to prosecute. *Reitz v. Nicholson*, 222 Fed. App'x 982 (Fed. Cir. 2007) ("*Reitz V*").

After two subsequent BVA decisions and two joint motions for remand, the BVA determined on September 26, 2011 that the 1976 rejection of Mr. Reitz's asthma claim was not CUE. In reaching this decision, the BVA examined all available evidence pre-dating 1976. The BVA noted that post-1976 evidence did reveal a service connection for asthma, but explained that it was limited in its CUE analysis to the evidence that existed at the time of rejection in January 1976. Mr. Reitz again appealed to the Veterans Court.

In 2013, the Veterans Court affirmed the BVA's 2011 decision finding no CUE in the 1976 rejection. *Reitz I*, at *4. The court also addressed Mr. Reitz's renewed contention that because the 1976 letter was missing from his

reconstructed file, it was error for the BVA to conclude that his earlier asthma claim had actually been rejected in 1976. *Id.* at *3. It explained that it had previously resolved this issue in its 2006 order, that Mr. Reitz had had the opportunity to appeal the issue to this Court, and that it was precluded from revisiting the issue under the "law of the case" doctrine. *Id.* at *2.

Mr. Reitz now appeals the 2013 decision of the Veterans Court. He seeks a 1975 effective date for his benefits and makes two arguments on appeal in support of this claim.

## I

## A

Mr. Reitz first argues that the BVA erred in concluding that his 1975 asthma claim had actually been rejected in 1976. According to Mr. Reitz, the BVA could not have properly reached this conclusion because there is no direct evidence of a 1976 rejection in his reconstructed file. If Mr. Reitz's 1975 claim was never finally adjudicated, he would be entitled to benefits effective from 1975 because the BVA has subsequently found that his bronchial asthma is service connected. If, however, the claim was finally adjudicated and rejected, Mr. Reitz would only be entitled to benefits effective from the date he reopened his claim— May 17, 1988. *See* 38 U.S.C. § 5110(a).

Mr. Reitz advances evidence that the 1988 letter cited by the BVA incorrectly lists bronchial asthma among other conditions for which he received a rejection in January 1976. The 1988 letter states that "our letter of January 28, 1976, informed you that service connection could not be allowed for a back condition, knee condition, bronchial asthma, neuritis of the right arm or chronic neuritis of the upper right extremities." *Reitz II,* at 4. According to Mr. Reitz, he received an initial rejection of service connection for the other conditions listed in the

1988 letter in late 1974, but did not submit a claim for asthma until late 1975, one day before he received a final rejection for the other conditions. Mr. Reitz thus argues that the missing January 1976 letter could not have included a rejection for bronchial asthma because insufficient time had passed from the time he had submitted this claim. In support of this argument, Mr. Reitz submits as Exhibit C the 1974 rejection for the other conditions listed in the 1988 letter. The 1974 rejection does not include a rejection of asthma-related benefits. He also submits as Exhibit E a separate claim filed for bronchial asthma.[1]

The 2013 Veterans Court order from which Mr. Reitz now appeals did not reach the question of whether Mr. Reitz's asthma claim had been rejected in 1976, explaining that it had previously resolved this issue in its 2006 order. *Reitz I*, at *1. The VA similarly argues that when we dismissed Mr. Reitz's appeal on this issue for failure to prosecute, that issue was finally resolved, and its resolution became the law of the case, binding on future determinations by the Veterans Court and this Court.

B

"Under the law of the case doctrine, both the district court and the court of appeals generally are bound by findings of fact and conclusions of law made by the court of appeals in a prior appeal of the same case." *Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 699 (Fed. Cir. 2001) (quoting *Ellard v. Alabama Bd. of Pardons and Paroles*, 928 F.2d 378, 381 (11th Cir. 1991)). The VA correctly points out that Mr. Reitz previously appealed the Veterans Court's resolution of the 1976 rejection to this Court.

---

[1]    Mr. Reitz alleges that he filed the claim for bronchial asthma in December 1975. Unfortunately, no date information is printed on the claim.

However, it is not clear that that issue was appealable at that time. If Mr. Reitz's appeal from the 2006 order was not properly before this Court, the issue of whether his asthma claim was rejected in 1976 has not been finally resolved and is not governed here by the law of the case.

As explained above, the 2006 Veterans Court order vacated and remanded the BVA's CUE determination. "Remand orders from the Veterans Court ordinarily are not appealable because they are not final." *Adams v. Principi*, 256 F.3d 1318, 1320–21 (Fed. Cir. 2001). There are exceptions to this rule, but they usually involve situations where the appellant's claim is in danger of not being fully adjudicated; for example, because the issue might become moot after remand or otherwise unreviewable on appeal. *Id.* There is no recognized exception when, as here, the order remands-in-part and affirms-in-part, if there is no danger that the affirmed issue will be made unreviewable by the remand. Thus, the issue of whether Mr. Reitz's asthma claim was rejected in 1976 was never finally resolved by this Court and we are not bound by the law of the case here.

That being said, the question that Mr. Reitz asks us to resolve on appeal is intensely factual. He advances evidence that his asthma claim could not have been rejected in 1976 along with his other claims because he filed the asthma claim at a later date. But the BVA in its 1998 decision found that Mr. Reitz's asthma claim was rejected in 1976, and the Veterans Court affirmed this finding in 2006. Under 38 U.S.C. § 7292(d)(2), which strictly limits our jurisdiction, we may not review findings of fact or application of law to the facts, except to the extent that an appeal presents a constitutional issue. No constitutional issue is alleged here, and we thus are without jurisdiction to resolve this question.

## II

Mr. Reitz next argues that, assuming his asthma claim was in fact rejected in 1976, this rejection was CUE. He claims that the Veterans Court erred in affirming the BVA's determination to the contrary. According to Mr. Reitz, the BVA was required, as a matter of law, to apply the "benefit of the doubt" doctrine in its CUE analysis, and erred when it failed to do so. The benefit of the doubt rule states that "[w]hen there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the [VA] shall give the benefit of the doubt to the claimant." 38 U.S.C. § 5107(b).

As we have explained previously, because the benefit of the doubt rule only applies when there "is an approximate balance of positive and negative evidence," we are without jurisdiction to determine whether the BVA erred by failing to apply the doctrine in any particular case. Such a determination would require us "to analyze the pertinent evidence and make a factual finding that the evidence was in equipoise . . . [but] our jurisdiction precludes us from undertaking such an analysis." *Doherty v. Principi*, 99 F. App'x 899, 901 (Fed. Cir. 2004). *See also Stevens v. Shinseki*, 428 F. App'x 979, 981 (Fed. Cir. 2011) ("This court does not have jurisdiction to consider the proper weight of the evidence, and therefore does not have jurisdiction to consider the application of § 5107(b) to the facts of a veteran's claim.") (citing *Ferguson v. Principi*, 273 F.3d 1072, 1076 (Fed.Cir.2001)); *Adams v. Principi*, 91 F. App'x 135, 136–37 (Fed. Cir. 2004) (holding that this Court is without jurisdiction to review "the application of

the 'benefit of the doubt' rule to the Appellant's specific set of facts.").[2]

## CONCLUSION

Because each of Mr. Reitz's grounds for appeal implicates only findings of fact and the application of law to facts, we are without appellate jurisdiction and we accordingly dismiss.

## DISMISSED

## COSTS

Each side shall bear its own costs.

---

[2]    Even if we did have jurisdiction to consider Mr. Reitz's claim in this regard, it is questionable whether the benefit of the doubt rule applies at all to a claim of CUE. *See Disabled American Veterans v. Gober*, 234 F.3d 682, 697 (Fed. Cir. 2000) (holding, in the context of a 38 C.F.R. § 20.1403 CUE analysis, that "CUE does not create a 'balance of the evidence' situation to which the 'benefit of the doubt' rule could apply.").