NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LAURA A. HUNT,**

*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**

*Respondent.*

---

2011-3001

---

Petition for review of the Merit Systems Protection Board in Case No. CH0831090791-C-1.

**AND**

---

**LAURA A. HUNT,**

*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**

*Respondent.*

---

2011-3154

---

Petition for review of the Merit Systems Protection Board in Case No. CH0831100708-I-1.

———————————

Decided: March 27, 2012

———————————

LAURA A. HUNT, of Chicago, Illinois, pro se.

CALVIN M. MORROW, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent Merit Systems Protection Board in appeal no. 2011-3001. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

WILLIAM J. GRIMALDI, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent Officer of Personnel Management in appeal no. 2011-3154. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director.

———————————

Before RADER, *Chief Judge*, NEWMAN, and REYNA, *Circuit Judges*.

PER CURIAM.

These appeals have been consolidated for review, both appeals arising from decisions of the Merit Systems Protection Board (MSPB) concerning decisions of the Office of Personnel Management (OPM) relating to Ms. Hunt's

retirement annuity.[1]  We discern no reversible error in the agency rulings presented on these appeals.  The record does not show whether any issues remain unresolved, particularly Ms. Hunt's request to redeposit her retirement deductions.  We remand to the MSPB for consideration of this issue, in the event that it is unresolved.

BACKGROUND

Ms. Hunt commenced employment with the Postal Service in 1964, and served a total of over twelve years.  She experienced an on-the-job injury in May 1984.  OPM denied her request for disability retirement based on this injury, and the MSPB affirmed on May 16, 1986.  Her appeal to this court from that decision was dismissed as untimely filed.  *Hunt v. Office of Pers. Mgmt.*, 838 F.2d 1223 (Fed. Cir. 1988) (Table).

Ms. Hunt began receiving a retirement annuity on May 29, 2000, when she reached age sixty-two, in the reported amount of $288 per month.  On January 22, 2002 OPM notified Ms. Hunt that her annuity had been adjusted to $313 per month, based on supplemental information concerning her salary.  The record mentions ensuing cost-of-living increases, to about $400 per month.

On June 1, 2008 Ms. Hunt requested review of OPM's 2002 recalculation of her annuity.  On May 15, 2009 OPM dismissed this request as untimely.  On June 17, 2009 Ms. Hunt appealed this dismissal to the MSPB.  On August 13, 2009 OPM rescinded its May 15, 2009 dismissal, stating that OPM would issue a new decision concerning its 2002 recalculation because the 2002 decision had not advised Ms.

---

[1]    *Hunt v. Office of Pers. Mgmt.*, 114 M.S.P.R. 590 (2010); *Hunt v. Office of Pers. Mgmt.*, CH0831100708-I-1 (M.S.P.B. Mar. 21, 2011).

Hunt of her right to request reconsideration and the time period for filing such a request. On September 1, 2009 OPM issued a new decision concerning Ms. Hunt's annuity, stating that the recalculation of $313 in 2002 was correct, and also stating that the "annual actuarial reduction for unpaid redeposit" was $240. On September 16, 2009 Ms. Hunt requested reconsideration by OPM of its September 1, 2009 decision.

On October 9, 2009 the Administrative Judge (AJ) dismissed Ms. Hunt's appeal filed June 17, 2009 for "lack of jurisdiction," stating that "OPM rescinded its reconsideration decision. Absent a final decision . . . the Board lacks jurisdiction over the matters appealed." *Hunt v. Office Pers. Mgmt.*, CH08310791-I-1, at 2 (M.S.P.B. Oct. 9, 2009).

OPM's response to the September 16, 2009 request for reconsideration was not speedily forthcoming, and on May 27, 2010 Ms. Hunt filed a "petition for enforcement" with the MSPB, stating that OPM violated the AJ's October 9, 2009 dismissal by not issuing a new decision. On June 11, 2010 the AJ denied the petition for enforcement on its merits, stating that OPM was in compliance with the AJ's October 9, 2009 decision because OPM had issued a new decision on September 1, 2009. Ms. Hunt filed a petition for review with the full MSPB, and on August 24, 2010 the Board on its own motion vacated the AJ's decision of June 11, 2010, and dismissed the petition for enforcement for lack of jurisdiction. The Board held that the AJ erred in ruling on the merits of Ms. Hunt's petition for enforcement because the MSPB had no jurisdiction of the underlying appeal because the OPM had rescinded its decision, thus divesting the MSPB of jurisdiction because there was no final decision by OPM. *Hunt*, 114 M.S.P.R. at 592 ("Because the appellant's appeal of OPM's original reconsideration decision was dismissed for lack of jurisdiction, the appellant's petition for

enforcement of the initial decision in that appeal should also have been dismissed for lack of jurisdiction."). Ms. Hunt appealed that dismissal to this court on October 4, 2010; the appeal was docketed as No. 2011-3001, was briefed by Ms. Hunt and the MSPB, and on July 6, 2011 was submitted for our decision.

Meanwhile, on June 1, 2010 OPM issued a final decision denying Ms. Hunt's request for reconsideration of the 2002 annuity recalculation. On June 9, 2010 Ms. Hunt appealed this decision to the MSPB, stating that she was entitled to compensation for her 1984 injury, and asking that she be permitted to redeposit the $3,355 in retirement contributions that she had withdrawn in 1969. On October 1, 2010 the AJ ruled that OPM correctly determined Ms. Hunt's annuity, and did not decide the question of redeposit on its merits. The full Board denied review, and Ms. Hunt appealed to this court. The appeal was docketed as No. 2011-3154, was briefed by Ms. Hunt and OPM, and was submitted for decision on August 23, 2011. We have combined the appeals.

### *The Annuity Calculation*

Ms. Hunt requests review of the amount of her retirement annuity, as recalculated by OPM in 2002 and eventually affirmed by the MSPB. The MSPB correctly held that Ms. Hunt's proposed annuity calculation of 85% of her final salary five years and thereafter 90% of that salary with 5% interest is contrary to 5 U.S.C. §§8338, 8339, and that "OPM has no discretion to deviate from the computation formulas fixed by statute." *Hunt*, at 2. The rulings concerning the annuity calculation are affirmed.

### *Disability Retirement*

The question of entitlement to disability retirement due to the on-the-job injury in 1984 was appealed to the MSPB in 1986. No further timely appeal was taken. That decision is final; no basis for reopening that issue has been shown.

### *Redeposit of Contributions*

Ms. Hunt asked the MSPB to permit her to redeposit her withdrawn retirement contributions. The AJ's opinion of October 1, 2010 states that when Ms. Hunt turned sixty-two "she was informed that if she paid back the $3,355 in retirement contributions she withdrew, she would not have a reduced retirement. She stated she did not have the money at that time. She now requests that the Board allow her to make that redeposit." 5 C.F.R. §831.112(a)(2) implements redeposit pursuant to 5 U.S.C. §8334:

> §831.112(a) *Determinations involving an employee's ability to make a deposit or redeposit.* A person may make a deposit or redeposit under section 8334 of title 5, United States Code, if he or she is an 'employee.' For purposes of this paragraph, an employee is--
>
> . . .
>
> (2) A former employee (whose annuity has not been finally adjudicated) who retains civil service retirement annuity rights based on a separation from a position in which retirement deductions were properly withheld and remain (or have been redeposited in whole or in part) in the Civil Service Retirement Disability Fund.

The AJ stated that until OPM has determined whether Ms. Hunt meets the statutory and regulatory requirements

related to redeposit, there is nothing for the MSPB to review. The Board stated that Ms. Hunt "must first obtain a reconsideration decision from OPM regarding that request before the Board will have jurisdiction over that request." *Hunt*, at 3. It is unclear, from the record provided to this court, whether Ms. Hunt requested such a reconsideration decision, and whether OPM responded to any such request.

We remand to the MSPB for resolution of this issue.

**AFFIRMED IN PART, REMANDED IN PART**

No costs.