NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LAURA A. HUNT,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2014-3041

---

Petition for review of the Merit Systems Protection Board in No. CH-0831-12-0753-I-1.

---

Decided: April 11, 2014

---

LAURA A. HUNT, of Chicago, Illinois, pro se.

MICHAEL D. AUSTIN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT SNEE, Acting Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before MOORE, MAYER, and CHEN, *Circuit Judges.*

PER CURIAM.

Laura Hunt appeals the decision of the Merit Systems Protection Board (the "Board") affirming a decision of the Office of Personnel Management (the "OPM") that denied her request to make a redeposit into the Civil Service Retirement System ("CSRS"). We affirm.

I

Ms. Hunt is a former employee of the United States Postal Service. She was first employed by the Postal Service—officially, at the time, the Post Office Department—from 1966 to 1969. After she left that position, she requested and was granted a refund of her contributions to the CSRS that she made during her period of employment. In 1976, Ms. Hunt rejoined the Postal Service, where she was employed until 1985.

In 2000, Ms. Hunt began receiving a retirement annuity under the CSRS. For more than a decade, the amount of that annuity was the subject of several decisions by the OPM and the Board. The calculation of the annuity amount due to Ms. Hunt was ultimately addressed by this Court in *Hunt v. Merit Sys. Prot. Bd.*, 476 F. App'x 739, 740-742 (Fed. Cir. 2012). In that consolidated appeal, we affirmed the OPM's annuity calculation in all respects except one: the effect of a May 2011 request by Ms. Hunt to redeposit into the CSRS the amount refunded to her in 1969. *Id.* at 741-42. We remanded for the OPM to issue a final decision on whether Ms. Hunt could qualify to make such a redeposit. On remand, the OPM determined that she did not; the Board affirmed that decision; and Ms. Hunt once again appeals to us.

II

We have jurisdiction over Ms. Hunt's appeal pursuant to 28 U.S.C. § 1295(a)(9). We must affirm the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2)

obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Tunik v. Merit Sys. Prot. Bd.*, 407 F.3d 1326, 1330 (Fed. Cir. 2005).

As relevant here, 5 U.S.C. § 8334(d)(1) provides that an "employee . . . who has received a refund of retirement deductions . . . may deposit the amount received." Ms. Hunt could therefore redeposit the retirement refund she received in 1969 if she qualifies as an "employee" under § 8334(d)(1).

However, as the OPM and the Board determined, Ms. Hunt cannot qualify as an "employee" under § 8334(d)(1). Pursuant to express authorization, 5 U.S.C. § 8334(d)(2)(C), the OPM has defined an "employee" under § 8334(d)(1) to be either: "(1) A person currently employed in a position subject to the civil service retirement law; or (2) [a] former employee (whose annuity has not been finally adjudicated). . . ." 5 C.F.R. § 831.112(a). Ms. Hunt does not satisfy either of those definitions. First, she admits that she is not currently employed by the Postal Service. And second, Ms. Hunt cannot qualify as a "former employee" under § 831.112(a) because her annuity has been finally adjudicated.[1] As stated in 5 C.F.R. § 831.2202, the "[d]ate of final adjudication means the date 30 days after the date of the first regular monthly payment" received by an annuitant. Ms. Hunt received her first regular monthly payment in September 2000—well before her May 2011 redeposit request.

---

[1] The parties do not dispute whether the definition of "employee" in this regulation is consistent with the scope of "employee" in Title 5. We therefore do not decide this question.

Accordingly, the OPM and the Board correctly determined that Ms. Hunt does not qualify as an employee eligible to make a redeposit under 5 U.S.C. § 8334(d)(1).[2]

**AFFIRMED**

COSTS

No costs.

---

[2]    Ms. Hunt also appears to request that we revisit her annuity calculations and disability claim that were the subject of our prior holding in *Hunt v. Merit Sys. Prot. Bd.*, 476 F. App'x 739, 740-742 (Fed. Cir. 2012). We cannot do so. *See Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 697 (Fed. Cir. 2001) (applying the law of the case doctrine).