[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 06, 2003
THOMAS K. KAHN
CLERK

_____

No. 01-17021
Non-Argument Calendar

_____

D.C. Docket No. 00-00106-CV-FTM

JOHN M. McCARTHY, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

**(February 6, 2003)**

Before ANDERSON, BARKETT and WILSON, Circuit Judges.

ANDERSON, Circuit Judge:

John M. McCarthy, Jr., a federal prisoner, appeals the district court's

dismissal of his petition seeking habeas corpus relief.

## I. BACKGROUND

In 1988, McCarthy pled no contest to three counts of sale of cocaine in state court in Lee County, Florida. McCarthy did not directly appeal or initially file any state or federal post-conviction petitions. In 1989, McCarthy was indicted in federal court on charges relating to firearms possession. In 1990, following a jury trial, McCarthy was found guilty of possession of a firearm by a convicted felon. He was sentenced on August 14, 1990; his federal sentence was enhanced based on his three prior state court drug convictions.

In 1997, McCarthy brought a Rule 3.850 motion for post-conviction relief in the state courts of Florida seeking to withdraw his 1988 no contest pleas based on newly discovered evidence of prosecutorial misconduct, ineffective assistance of counsel, and trial court denial of due process. On April 13, 1998, the state trial court summarily denied relief, concluding that the two year time limit had expired, that his claim of newly discovered evidence was legally insufficient, and that his other claims were untimely. That decision was subsequently affirmed by the state appellate court.

On March 14, 2000, McCarthy initiated these proceedings by filing a federal petition for writ of habeas corpus. In his petition, McCarthy challenged the three

1988 state court drug convictions that were used to enhance his federal sentence.[1]

Based on the 2001 Supreme Court decision in Daniels v. United States, 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001), the district court dismissed his petition, and McCarthy appealed. The district court construed McCarthy's notice of appeal as a motion for a certificate of appealability (COA), and granted a COA on one ground: whether the district court erred in dismissing McCarthy's petition on procedural grounds.[2]

## II.  STANDARD OF REVIEW

"On appeal, we review a district court's findings of fact in a 28 U.S.C. § 2255 proceeding for clear error, and its legal conclusions de novo." Garcia v. United States, 278 F.3d 1210, 1212 (11th Cir. 2002).

---

[1] McCarthy originally filed his petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Because McCarthy was attacking expired state convictions from 1988 that were used to enhance his current federal sentence, he had to bring his suit as a challenge under 28 U.S.C. § 2555 rather than 28 U.S.C. § 2254. See Means v. Alabama, 209 F.3d 1241, 1242 (11th Cir. 2000) (prisoner challenging an expired state sentence used to enhance his current federal sentence must bring suit under 28 U.S.C. § 2255 rather than § 2254). See also Van Zant v. Florida Parole Comm'n, 104 F.3d 325, 327 (11th Cir. 1997) ("In order to meet the 'in custody' requirement, the petitioner is deemed to be challenging the current sentence that has been enhanced by an expired conviction, rather than directly challenging the expired conviction."). Consequently, the district court correctly construed his petition as a § 2255 motion challenging his current federal sentence.

[2] Because McCarthy's habeas petition was filed on March 14, 2000, our review is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996) which was effective as of April 24, 1996.

# III. DISCUSSION

## A. The Rule of *Daniels v. United States*

In Daniels, the Supreme Court considered "whether, after the sentencing proceeding has concluded, the individual who was sentenced may challenge his federal sentence through a motion under 28 U.S.C. § 2255 . . . on the ground that his prior convictions were unconstitutionally obtained." 532 U.S. at 376, 121 S.Ct. at 1580. Daniels asserted that his current federal sentence was imposed in violation of the Constitution because it was enhanced by and based in part on prior state convictions which were themselves unconstitutional because they were the result of unknowing and involuntary pleas of guilty. Id. at 377, 121 S.Ct. at 1581. A majority of the Supreme Court held:

> If...a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255.

Id. at 382, 121 S.Ct. at 1583. Remedies by which the defendant could have attacked the prior state conviction included a direct appeal, post-conviction proceedings under state law, and a petition for writ of habeas corpus, pursuant to

4

28 U.S.C. § 2254.  Id. at 381, 121 S.Ct. at 1582-83.

    B.  Possible Exceptions to the General Rule of *Daniels*

A majority in Daniels did recognize one exception to the general rule, namely a defendant challenging his prior state conviction on the ground that his conviction was obtained after a violation of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (holding that the right to counsel under the Sixth Amendment is applicable to the states by way of the Fourteenth Amendment).  Daniels, 532 U.S. at 382 (plurality opinion) & 385 (Scalia, J., concurring), 121 S.Ct. at 1583 (plurality opinion) & 1585 (Scalia, J., concurring).

A plurality of the Supreme Court additionally recognized the possibility of another exception for "rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own."  Id. at 383, 121 S.Ct. at 1584.   Despite recognizing that these additional exceptions may exist, the plurality declined to determine whether, or under what precise circumstances a petitioner could use a motion under § 2255 in this manner. Id. at 383-84, 121 S.Ct. at 1584.  The same day that the Supreme Court decided Daniels, it extended that holding to § 2254 petitions directed at enhanced state sentences in Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403-04, 121 S.Ct. 1567, 1574, 149 L.Ed.2d 608 (2001).  In a part of her opinion in Coss

5

joined by two other members of the Court, Justice O'Connor further elaborated on the possible "rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own" exception to the general rule first set forth in her plurality opinion in Daniels. Id. at 405-06, 121 S.Ct. at 1574-75. Justice O'Connor suggested that a defendant may not be faulted with failing to obtain a timely review of his constitutional claims, for example, when (1) the state court, without justification, refuses to rule on a constitutional claim properly before it, or (2) the defendant obtains compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner. 532 U.S. at 405-06, 121 S.Ct. at 1575.

C. *Daniels* Controls This Case

McCarthy attempts to argue that the general rule established in Daniels is inapplicable in this case. McCarthy asserts that Daniels is factually and procedurally distinguishable from his case because: (1) Daniels did not file a post-conviction motion in state court as McCarthy did; and (2) Daniels directly attacked his state conviction in his § 2255 motion, whereas McCarthy is seeking habeas review under § 2255 of the state court's denial of his post-conviction motion.

McCarthy's case, however, is not distinguishable in any relevant way from

6

Daniels.  In both instances, the movants seek to challenge an expired state sentence that was used to enhance their current federal sentences.  In both instances, the movants failed to pursue remedies that were otherwise available to them (or did so unsuccessfully).  In Daniels' case, he did not pursue a direct appeal, a state post-conviction motion, or review in the federal courts under § 2254.  In McCarthy's case, he did not pursue a direct appeal or a § 2254 petition, but did unsuccessfully seek state post-conviction relief well outside of the two-year statute of limitations.  Moreover, the two cases are factually similar, as both movants were challenging their underlying state convictions based upon a claim that their pleas of guilty were not knowingly and voluntarily entered.

In the alternative, anticipating that this Court will find that the general rule in Daniels applies to McCarthy, he argues that he should fall within an exception to that rule.  But McCarthy's petition does not allege a Gideon violation, the only exception to Daniels that has been thus far recognized by the Supreme Court. McCarthy argues that he should fall within an exception to Daniels for three separate reasons.  But even if the Supreme Court were to recognize any of the other potential exceptions to the general rule noted in the plurality opinion in Daniels or in Justice O'Connor's opinion in Coss, none of McCarthy's three allegations, assumed to be true, satisfy any of those exceptions either.

First, McCarthy argues that he has "newly discovered evidence" based on parts of the 1988 state court plea hearing transcript that he "discovered" in 1991, when he first ordered the hearing to be transcribed, as well as other information gathered during a 1997 conversation between his attorney and the state prosecutor. The district court correctly recognized that neither of these two "discoveries" by McCarthy actually involve previously unavailable evidence, but rather refer to information that was reasonably available to McCarthy years prior had he exercised due diligence. The mere fact that McCarthy was unaware of certain statements made on the record outside his presence or was incarcerated in Colorado and therefore unable to communicate directly with the state prosecutor sooner does not alter this conclusion.[3] The argument that either piece of evidence

_____

[3] McCarthy also suggests, albeit vaguely, that governmental obstacles to his access to the courts to collaterally challenge his 1988 state conviction might rise to the level of an exception to Daniels. We need not even consider that proposition, because McCarthy has wholly failed to establish a denial of his access to the courts. He pled no contest to the state charges on August 1, 1988. He was represented by counsel and filed no direct appeal. He served his state sentence and was released from custody in May 1989 without filing any challenge, direct or collateral, to his state conviction and sentence. McCarthy does not even allege any obstacles to his access to the courts before September 1989, and the obstacles alleged thereafter fall far short of constituting an absence of any "channels of review." We readily agree with the district court that McCarthy cannot establish that there was "no channel of review ... actually available to ... [him] with respect to ... [his] prior conviction, due to no fault of his own." Daniels, 121 S.Ct. at 1584. Moreover, McCarthy's claim of denial of access to courts is dubious in any event. He actually filed two state post-conviction proceedings, both during the time in which he claims he was being denied access to the courts. He appealed the state court's 1994 failure to give him all the relief he sought, but failed to pay the filing fee or seek an order of insolvency, resulting in the dismissal of his appeal. Then in July 1997, he filed a counseled collateral challenge, in which he was unsuccessful in his attempt to set aside the 1988 prior conviction.

8

could demonstrate an exception to <u>Daniels</u> is without merit.

Second, McCarthy argues that he is actually innocent of two of the three underlying state court drug convictions. But McCarthy has offered nothing to establish that he is actually innocent of any of the convictions. As support, he only points to parts of the state court plea hearing transcript. While some brief statements made by the state prosecutor at the plea hearing arguably indicate that the state prosecutor anticipated that he would have some difficulty proving beyond a reasonable doubt each and every element of two of the three charges against McCarthy, the plea hearing transcript, interpreted most favorably to McCarthy, falls far short of constituting "compelling evidence that [McCarthy] is actually innocent" of the three drug crimes to which he pled guilty. <u>Coss</u>, 532 U.S. at 405, 121 S.Ct. at 1575.

Lastly, McCarthy argues that he should have been warned by the court, his counsel, or the prosecutor that his guilty plea to the three drug charges could have sentencing consequences if he was later convicted in federal court. But these potential consequences are clearly collateral, and neither the court nor McCarthy counsel were constitutionally required to make him aware of them. <u>See</u> <u>Wright v. United States</u>, 624 F.2d 557, 561 (5th Cir. 1980) ("[A] plea's possible enhancing effect on a subsequent sentence is merely a collateral consequence of the

9

conviction; it is not the type of consequence about which a defendant must be advised before the defendant enters the plea.")[4] and United States v. Campbell, 778 F.2d 764, 768 (11th Cir. 1985) ("[C]ounsel's failure to advise the defendant of the collateral consequences of a guilty plea cannot rise to the level of constitutionally ineffective assistance."). Even if this Court discerned additional exceptions from the plurality opinions of the Supreme Court's decisions in Daniels and Coss, each of McCarthy's allegations fail to satisfy any such exception.

## IV. CONCLUSION

McCarthy clearly falls within the general rule the Supreme Court set forth in Daniels v. United States, 532 U.S. 374, 382, 121 S.Ct. 1578, 1583, 149 L.Ed.2d 590 (2001), and he does not satisfy any of the possible exceptions to that general rule. Like the petitioner in Daniels, McCarthy "is without recourse" because his "prior conviction[s] used to enhance [his] federal sentences [are] no longer open to direct or collateral attack in [their] own right because the defendant failed to pursue

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

those remedies while they were available." Id.  Therefore, the district court did not

err as a matter of law in dismissing his § 2255 case.

AFFIRMED.