[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 28, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13490
Non-Argument Calendar

_____

D. C. Docket Nos.
04-01176-CV-MHS-1
02-00643-CR-1-M

CARLOS LEACH,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(February 28, 2006)**

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Carlos Leach, a federal prisoner proceeding *pro se*, appeals the district court's order denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In his motion, Leach argued, *inter alia*, that his counsel was ineffective for failing to object to the district court's use of the Typical Weight Per Unit Table from the 2002 Guidelines Manual, the manual in effect at the time of his sentencing, rather than the table from the 2001 Guidelines Manual, the manual in effect at the time of his offense, in reaching its drug quantity calculation. Leach contends the district court's use of the table in effect at the time of his sentencing resulted in him receiving a harsher sentence, and, thus, violated the U.S. Constitution's Ex Post Facto Clause.

The district court denied Leach's § 2255 motion, finding that Leach's claims were barred by his collateral appeal waiver. The district court, alternatively, held that Leach's attorney did not render ineffective assistance of counsel by failing to object to the district court's drug-quantity and weight calculations. Subsequently, the district court granted Leach's motion for a COA on the following issues: (1) whether "the [district] [c]ourt's use of the Typical Weight Per Unit Table in effect at the time of [Leach's] sentencing, rather than the table in effect at the time of his offense, resulted in a harsher sentence, and thus violated the Constitution's ex post facto clause;" and (2) whether the "[district] court erred in finding that the

2

collateral appeal waiver contained in [Leach's] plea agreement prevented his raising the ex post facto claim in a § 2255 motion."

On appeal, Leach argues that the limited appeal waiver contained in his plea agreement does not preclude him from challenging sentencing errors. Specifically, Leach asserts that his *ex post facto* claim falls within the exception to the waiver for findings by the court regarding relevant conduct because the district court made findings regarding the drug-quantity that was attributable to him. Leach further argues that, because the terms of the limited appeal waiver limit the waiver to "the maximum extent permitted by federal law," it does not bar a collateral attack based on *ex post facto* grounds even if such a collateral attack is not specifically excepted from the waiver.

We review *de novo* a district court's legal conclusions in a 28 U.S.C. § 2255 proceeding and its findings of fact for clear error. *McCarthy v. United States*, 320 F.3d 1230, 1231-32 (11th Cir. 2003).

Sentence-appeal waivers are valid if they are made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). Whether a defendant knowingly and voluntarily waived his right to appeal his sentence is a question of law subject to *de novo* review. *See United States v. Benitez-Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997). For an appeal waiver to be

enforced, the government must show that either: (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the plea hearing, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351. During the plea colloquy, it is insufficient for the district court to merely inform the defendant that he may appeal "under some circumstances." *Id.* at 1352-53. Rather, the court must explain to the defendant, with specificity, the nature and extent of the appeal waiver. *See United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997). An appeal waiver includes a waiver of the right to appeal difficult or debatable legal issues, including blatant error. *United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999). In *Williams v. United States,* 396 F.3d 1340, 1342 (11th Cir. 2005), we held that a valid sentence-appeal waiver precludes § 2255 claims based on ineffective assistance of counsel at sentencing.

Because the express language of the appeal waiver provides that Leach retained his right to appeal the district court's relevant conduct findings on direct appeal but waived his right to collaterally attack his sentence on any ground, Leach's argument that his *ex post facto* claim falls within the exception to the appeal waiver for findings by the court regarding relevant conduct is without merit. Additionally, because the record demonstrates that Leach knowingly and

4

voluntarily waived his right to directly or collaterally attack his sentence, we enforce the sentence-appeal waiver and affirm the district court's finding that the waiver precluded Leach from raising the ineffective assistance of counsel claims that he asserted in his § 2255 motion.

Leach next argues that the district court's use of the Typical Weight Per Unit Table from the 2002 Guidelines Manual, the manual that was in effect at the time of his sentencing, rather than the table from the 2001 Guidelines Manual, the manual that was in effect at the time he committed the instant offense, resulted in him receiving a harsher sentence, and, therefore, violated the Constitution's Ex Post Facto Clause. Specifically, Leach notes that, while the Typical Weight Per Unit Table in the 2002 Guidelines Manual listed the typical dosage of MDMA as .25 grams per tablet, the Typical Weight Per Unit Table in the 2001 Guidelines Manual listed the typical dosage of MDMA as .10 grams per tablet. Leach contends that, if the district court had utilized the Typical Weight Per Unit Table that was in effect at the time he committed the instant offense, his base offense level would have been two levels lower.

Although the district court granted a certificate of appealability ("COA") on this issue, this issue is problematic because the district court, in alternatively ruling on the merits of Leach's § 2255 motion, never addressed the issue of whether its

5

use of the Typical Weight Per Unit Table in effect at the time of Leach's sentencing, rather than the table in effect at the time that Leach committed the instant offense, resulted in a harsher sentence, and, therefore, violated the Constitution's Ex Post Facto Clause. Instead, the district court addressed the issues that were raised by Leach in his motion, namely, whether his attorney rendered ineffective assistance by (1) failing to object to the district court's use of the Typical Weight Per Unit Table that was in effect at the time of his sentence, rather than the table that was in effect at the time of his offense, and (2) causing him to procedurally default his direct appeal. Accordingly, the district court erred by granting a COA on an issue that Leach did not raise and on which the court did not rule. In any event, we need not consider this issue, because, as noted above, the valid sentence waiver contained in Leach's plea agreement precluded him from collaterally attacking his sentence. Accordingly, we affirm the district court's order denying Leach's § 2255 motion.

**AFFIRMED.**