[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12059
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00097-JRH-WLB

ARTHUR J. MARSHALL, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(February 18, 2015)

Before WILLIAM PRYOR, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Federal prisoner Arthur Marshall, Jr., appeals *pro se* the district court's denial of his 28 U.S.C. § 2255 motion to vacate his total sentence.  In his § 2255 motion, Marshall argued, *inter alia*, that his trial counsel was ineffective due to his failure to pursue a direct appeal.  The district court ultimately denied Marshall's § 2255 motion, finding that his claims were either barred by the collateral-attack waiver in his plea agreement or otherwise meritless.  The district court granted Marshall a certificate of appealability, however, on the issue of whether the collateral-attack waiver barred his claims that his trial counsel was ineffective as a result of his actions relating to pursuing a direct appeal.  On appeal, Marshall argues that the district court erred in finding that the collateral-attack waiver barred his ineffective-assistance claims relating to his counsel's failure to pursue a direct appeal.

On October 14, 2014, the United States Department of Justice issued a memorandum to all federal prosecutors regarding the enforcement of appeal waivers in which defendants waive claims of ineffective assistance of counsel on direct appeal and/or collateral attack.  *See* Memorandum from James M. Cole, Deputy Attorney General, to All Federal Prosecutors (Oct. 14, 2014), available at http://pdfserver.amlaw.com/nlj/DOJ_Ineffective_Assistance_Counsel.pdf ("For cases in which a defendant's ineffective assistance claim would be barred by a previously executed waiver, prosecutors should decline to enforce the waiver when

defense counsel rendered ineffective assistance resulting in prejudice or when the defendant's ineffective assistance claim raises a serious debatable issue that a court should resolve.").  In light of this new policy, and in response to our directive asking the United States Attorney to address its impact on the instant case, the Government has withdrawn its reliance on Marshall's collateral-attack waiver with respect to the issues identified in the certificate of appealability.

Therefore, the judgment of the District Court is VACATED and the case is REMANDED to the District Court with the instruction to afford Marshall an evidentiary hearing on the ineffective-assistance-of-counsel claims identified in the certificate of appealability.

VACATED and REMANDED, with instruction.