[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 14-14106; 15-10175
Non-Argument Calendar
_____

D.C. Docket Nos. 1:14-cv-00043-JRH-BKE,
1:10-cr-00203-JRH-BKE-1

ROBERT J. DEMELLO, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Georgia
_____

(August 7, 2015)

Before JORDAN, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Robert J. Demello, Jr., a federal prisoner proceeding *pro se*, appeals the

denial of his 28 U.S.C. § 2255 motion to vacate his sentence.  In the underlying

criminal proceedings, Demello pled guilty under a written plea agreement to one count of bank fraud, in violation of 18 U.S.C. § 1344. In exchange for his plea, the government agreed to dismiss the remaining counts in the indictment and to take certain actions at sentencing.

The plea agreement contains a "Limited Waiver of Appeal," which provides that Demello "voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a 28 U.S.C. § 2255 proceeding, on any ground." Limited exceptions to the waiver include if the sentence exceeds the statutory maximum, if the sentence is higher than the advisory sentencing guideline range as found by the district court, or if the government first appeals. At the end of the plea agreement, Demello signed his name under an affirmance stating he had read the plea agreement and understood what it meant and said.

During the Rule 11, Fed. R. Crim. P., plea colloquy, the district judge reviewed pertinent provisions of the plea agreement with Demello, including, notably, his decision to waive his right to appeal his sentence except in limited circumstances. The district judge explained the terms of the appeal waiver, stating that Demello was agreeing to waive his rights to appeal his sentence, either through a "direct appeal of [the] conviction and sentence," or through an "indirect appeal in a post-conviction proceeding." Demello responded that he understood

2

the waiver and had agreed to it.  At the conclusion of the plea hearing, the judge accepted Demello's guilty plea and found that it was knowingly and voluntarily made.

A probation officer prepared a presentence investigation report ("PSR") finding that the total loss amount caused by Demello's fraudulent acts was $451,656.53.  As a result, the probation officer added fourteen levels to the base offense level under United States Sentencing Guidelines Manual ("U.S.S.G.") § 2B1.1(b)(1)(H).  The loss amount was based on what the victim, Southern Bank, had reported as its losses.  Demello filed numerous objections arguing that the actual loss amount was much lower.

At sentencing, the district court overruled Demello's objections to the loss amount.  The court determined that Demello failed to provide evidence of the correct loss amount that refuted Southern Bank's averment of its actual loss.  As a result, the court applied the 14-level increase under § 2B1.1(b)(1)(H).  The court sentenced Demello to serve 58 months in prison, within the guideline range of 51 to 63 months' imprisonment, and to pay $451,656.53 in restitution.[1]  At the end of the hearing, the court reminded Demello that he "ha[d] waived the right to attack this sentence in any post conviction proceeding."

---

[1]  Demello's sentence does not fit within an exception to the waiver.  Demello's sentence was not "higher than the advisory sentencing guideline range as found by the sentencing court," nor was the sentence above the statutory maximum.

3

Despite the waiver, Demello filed a direct appeal of his sentence.  Demello's appointed counsel then filed a motion to withdraw along with a brief prepared pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).  Demello filed a response, arguing that the district court had improperly calculated the loss amount and committed other errors at sentencing.  After an independent review of the entire record, a panel of this Court agreed with counsel's assessment that there were no arguable issues of merit in the appeal, granted counsel's motion to withdraw, and affirmed Demello's conviction and sentence.  *United States v. Demello*, 511 F. App'x 897 (11th Cir. 2013).  The panel also denied Demello's petition for rehearing *en banc*, construed as a motion for reconsideration.

Following this Court's affirmance of his conviction and sentence, Demello moved for post-conviction relief under 28 U.S.C. § 2255.  In his motion, he asserted that the district court had erred in calculating the loss amount without adequate proof and that his attorneys had provided ineffective assistance by failing to obtain bank records establishing the loss.  The government moved to dismiss the § 2255 motion based on the sentence-appeal waiver in the plea agreement.  The district court granted the government's motion to dismiss and denied Demello's § 2255 motion without an evidentiary hearing, concluding that Demello's claims were barred from review by a valid collateral-attack waiver in his plea agreement. The court also denied a certificate of appealability ("COA").

4

Demello appealed to this Court.  We granted Demello a COA for one issue: "Whether the district court erred in deciding, without an evidentiary hearing, that Demello's collateral attack waiver barred his claim of ineffective assistance of counsel for failing to sufficiently investigate or object to the loss amount calculation for sentencing guideline calculation purposes?"[2]

We review a district court's legal conclusions in a § 2255 proceeding *de novo* and its findings of fact for clear error.  *McCarthy v. United States*, 320 F.3d 1230, 1231-32 (11th Cir. 2003).  The validity of a sentence-appeal waiver is reviewed *de novo*.  *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).  We review the district court's denial of an evidentiary hearing in a § 2255 proceeding for an abuse of discretion.  *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014).  *Id.*  We liberally construe *pro se* filings, including § 2255 motions for post-conviction relief.  *Id.*

"A petitioner is entitled to an evidentiary hearing if he alleges facts that, if true, would entitle him to relief."  *Id.* at 1216 (internal quotation marks omitted).  But a district court does not need to hold an evidentiary hearing if the allegations in

---

[2]  In his appellate brief, Demello also argues the following:  (1) the court erroneously found that his "revised" § 2255 motion, filed after the court entered judgment on his initial § 2255 motion, was a second or successive motion;  (2) he received ineffective assistance of counsel when his attorneys did not attempt to negotiate the appeal waiver or advise him of its consequences;  (3) the probation officer failed to conduct a proper presentence investigation; and (4) the district court made no findings of fact to support its loss calculation.  We do not address the merits of these issues because our review is limited to the issue specified in the COA. *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998).

the § 2255 motion are "patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record." *Id.* (internal quotation marks omitted).

A sentence-appeal waiver is valid if the defendant made the waiver knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005). To establish that the waiver was made knowingly and voluntarily, the government must show either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes it manifestly clear that the defendant otherwise understood the full significance of the waiver. *Id.*; *see also United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). When a valid sentence-appeal waiver is entered into knowingly and voluntarily and contains express language waiving the right to collateral review, it is enforceable and precludes the defendant from collateral attacking a sentence on the basis of ineffective assistance of counsel. *Williams*, 396 F.3d at 1342.

On October 14, 2014, the United States Department of Justice issued a memorandum to all federal prosecutors regarding the enforcement of appeal waivers in which defendants waive claims of ineffective assistance of counsel on direct appeal and collateral attack. *See* Memorandum from James M. Cole, Deputy Attorney General, to All Federal Prosecutors (Oct. 14, 2014), *available at* http://pdfserver.amlaw.com/nlj/DOJ_Ineffective_Assistance_Counsel.pdf    ("For

cases in which a defendant's ineffective assistance claim would be barred by a previously executed waiver, prosecutors should decline to enforce the waiver when defense counsel rendered ineffective assistance resulting in prejudice or when the defendant's ineffective assistance claim raises a serious debatable issue that a court should resolve."). On at least three occasions since this new policy was announced, and in response to inquiries from this Court, the government has withdrawn its reliance on a defendant's collateral-attack waiver in a pending appeal. As a result, we have vacated the judgments denying § 2255 relief and remanded those cases to the district court to afford the defendant an evidentiary hearing on his claim of ineffective assistance. *See Marshall v. United States*, 592 F. App'x 919 (11th Cir. 2015); *Murdock v. United* States, 589 F. App'x 526 (11th Cir. 2015); *Jones v. United States*, 582 F. App'x 845 (11th Cir. 2014).

Here, however, in contrast to *Marshall*, *Murdock*, and *Jones*, the government has not withdrawn its reliance on Demello's collateral-attack waiver.[3] Acknowledging the October 2014 policy statement, the government nonetheless continues to seek enforcement of the waiver because, "in the federal prosecutor's judgment, the alleged ineffective assistance either did not result in prejudice or

---

[3] Contrary to Demello's assertion, the government is not procedurally barred from relying on the sentence-appeal waiver. As indicated above, the government moved to dismiss Demello's initial § 2255 motion based on the waiver, and that motion was granted. The government's response to Demello's "revised" § 2255 motion, filed after entry of judgment on his initial § 2255 motion, is not relevant because it is outside the scope of the COA. *See Murray*, 145 F.3d at 1251.

7

does not raise a serious debatable issue." (Appellee's Br. at 21). The new policy does not prohibit prosecutors from seeking to enforce a collateral-attack waiver, so Demello's contention that the policy renders the waiver null and void is unavailing.

After careful review, we conclude that Demello's collateral-attack waiver is enforceable because he knowingly and voluntarily waived his right to collateral review. During the plea colloquy, the district court specifically questioned Demello about the collateral-attack waiver and told him that he was waiving his right to both a direct appeal and "an indirect appeal in a post-conviction proceeding." Demello affirmed that he understood the terms of the waiver and had agreed to those terms. When asked later by the court as to whether he had any questions about the matters discussed, Demello responded that he had none. In addition, the terms of the plea agreement, and the representations Demello made therein, further show that Demello understood the significance of the waiver. The waiver expansively provides that Demello waived "the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a 28 U.S.C. § 2255 proceeding, on any ground," and Demello affirmed that he had read the plea agreement (which, of course, includes the waiver) and understood its terms. In sum, the circumstances show that Demello was specifically questioned about the waiver and that he understood its full significance. *See Bushert*, 997

8

F.2d at 1351. Therefore, the government demonstrated that the collateral-attack waiver was made knowingly and voluntarily. *See Williams*, 396 F.3d at 1341-42.

Further, the district court correctly concluded that the collateral-attack waiver in Demello's plea agreement barred his ineffective-assistance-of-counsel claim. Demello argued in his § 2255 motion that, because of counsel's ineffectiveness, the district court improperly found the total loss amount, which significantly increased the advisory guideline range. In short, Demello "attempt[ed] to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." *Id.* at 1342. The plain language of the waiver informed Demello that he was waiving a collateral attack on his sentence "in any post-conviction proceeding, including a 28 U.S.C. § 2255 proceeding, on any ground." Consequently, the collateral-attack waiver in his plea agreement precludes a § 2255 claim based on ineffective assistance at sentencing. *See id*.

Finally, the district court did not abuse its "considerable discretion" by declining to hold an evidentiary hearing. *See Winthrop-Redin*, 767 F.3d at 1216. Despite Demello's present contentions that he did not understand what rights he was giving up by executing the appeal waiver and that the waiver therefore was not knowing and voluntary, he stated under oath during the plea colloquy that he understood and had agreed to the terms of the sentence-appeal waiver. A strong

9

presumption exists that statements made during a plea colloquy are true. *See id.* at 1216-17. In addition, as explained above, the record otherwise demonstrates that the sentence-appeal waiver was entered into knowingly and voluntarily. Under the circumstances, the court was not required to hold an evidentiary hearing. *See id.*

In sum, the sentence-appeal waiver in Demello's plea agreement precludes a § 2255 claim based on ineffective assistance at sentencing. *See Williams*, 396 F.3d at 1342. Accordingly, we affirm the denial of Demello's § 2255 motion.

**AFFIRMED.**