[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-14874
Non-Argument Calendar

_____

D.C. Docket Nos. 8:15-cv-02207-JSM-MAP,
8:09-cr-00251-JSM-MAP-1

DEMETRIUM SILAS SHAW,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 3, 2018)

Before MARCUS, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Demetrium Shaw, a federal prisoner proceeding *pro se*, appeals from the

district court's denial without an evidentiary hearing of his § 2255 motion to

vacate.    Shaw now argues on appeal that the district court should have held an evidentiary hearing because he raised factual disputes regarding whether his counsel was ineffective in (i) failing to call certain witnesses to testify, and (ii) misrepresenting his trial strategy.

We will address each point in turn.

I.

We review a district court's legal conclusions in a § 2255 proceeding *de novo* and its findings of fact for clear error.  McCarthy v. United States, 320 F.3d 1230, 1231-32 (11th Cir. 2003).  We review the district court's denial of an evidentiary hearing in a § 2255 proceeding for an abuse of discretion.  Winthrop-Redin v. United States, 767 F.3d 1210, 1215 (11th Cir. 2014).  A district court may abuse its discretion by applying an incorrect legal standard, applying the law in an unreasonable or incorrect manner, following improper procedures, or making clearly erroneous findings of fact.  Id.  We review *pro se* filings liberally.  Id.

An evidentiary hearing must be held on a motion to vacate "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  The prisoner is entitled to an evidentiary hearing if he alleges facts that, if true, would entitle him to relief.  Winthrop-Redin, 767 F.3d at 1216.  However, the district court does not have to

hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record.  Id.

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668, 686 (1984).  The two-part Strickland test applies to a defendant's allegations of ineffective assistance during plea negotiations, and the defendant must show that: (1) his trial counsel's performance was deficient; and (2) trial counsel's deficient performance prejudiced the defense.  Rosin v. United States, 786 F.3d 873, 877 (11th Cir.), *cert. denied*, 136 S. Ct. 429 (2015).  If the movant fails to establish either prong, the reviewing court need not address the other prong.  Strickland, 466 U.S. at 697.

As to the first prong of the Strickland test, performance is deficient when it falls below an objective standard of reasonableness and is outside the wide range of professionally competent assistance.  Johnson v. Sec'y, Dep't of Corr., 643 F.3d 907, 928 (11th Cir. 2011).  We engage in a "highly deferential" review of counsel's performance.  Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (quotation omitted).  It is presumed that a petitioner's counsel acted competently, and the petitioner must prove that his attorney's representation was unreasonable under prevailing professional norms.  Id. at 1314n.15.  "[A] petitioner must establish that no competent counsel would have taken the action that his counsel did take."  Id. at 1315.

3

We have stated that complaints about uncalled witnesses are not favored, because the presentation of testimony involves trial strategy and "allegations of what a witness would have testified are largely speculative." Buckelew v. United States, 575 F.2d 515, 521 (5th Cir. 1978)[1]. Deciding which witnesses to call "is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess." Rhode v. Hall, 582 F.3d 1273, 1284 (11th Cir. 2009).

As to the second prong of the Strickland test, to prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. A reasonable probability is one sufficient to undermine confidence in the outcome. Id. It is not enough for the defendant to show that the error had some conceivable effect on the outcome of the proceeding. Id. at 693. Courts must consider the totality of the evidence before the jury in making the prejudice determination. Id. at 695. The likelihood of a different result must be substantial, not just conceivable. Evans v. Sec'y, Dep't of Corr., 703 F.3d 1316, 1327 (11th Cir. 2013).

Here, the district court did not abuse its discretion in denying Shaw's § 2255 motion without holding an evidentiary hearing. Calling witnesses is a strategic decision that we will rarely find was deficient, and Shaw has not established that

---

[1] See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (precedent of the Fifth Circuit prior to October 1981 is binding on this court.)

no competent lawyer would have chosen not to call the witnesses. Further, Shaw's counsel explained his strategic reasoning behind not calling Wright and O'Neal to testify at trial, and nothing Shaw argues invalidates that reasoning. Refusing to call the witnesses may have been a strategic mistake; however, it is the kind of tactical decision that lawyers make, and it was not so egregious that no competent lawyer would make the same decision.

## II.

In the context of a rejected plea agreement or failed plea bargaining, the prejudice prong requires that the defendant show that:

> but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012).

Shaw has not shown that his attorney's alleged failure to follow the trial strategy Shaw expected affected the outcome of the case. As noted, *supra*, there is no indication that the strategic decisions his attorney made during the trial were deficient. Moreover, although Shaw contends that he would have accepted a plea agreement if he had known the strategy his attorney would take, he has not demonstrated that accepting the agreement would have resulted in a lesser

5

sentence.  The agreement offered to Shaw would require his pleading guilty, providing substantial assistance to the United States, and the United States agreeing to withdraw the section 851 enhancement. Shaw does not present any evidence that all of these events would have come to pass had he pleaded guilty. He also has not shown that hiring a different attorney could have produced a different result.

Accordingly, we affirm.

**AFFIRMED.**